Harry A. Wisniewski, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs November 15, 1984, to President Judge CRUMLISH, JR., Judge COLINS and Senior Judge BLATT, sitting as a panel of three.

*Steven G. Dubin,* for petitioner.

*Robert A. Greevy,* Chief Counsel, with him, *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, January 31, 1985:

Harry Wisniewski (petitioner) appeals here an order of the Pennsylvania Board of Probation and Parole (Board) which denied his petition for administrative relief regarding a Board order which recommitted him as a convicted and technical parole violator.

The petitioner had been convicted of drug violations in the Montgomery County Court of Common Pleas and was sentenced to one and a half to five years imprisonment effective January 3, 1981, with a minimum term of July 3, 1982 and a maximum of January 3, 1986. He was paroled on July 3, 1982, and was arrested while on parole, *inter alia,* for the illegal use of credit cards,[1] and later rearrested on charges of retail theft.[2] He was tried and convicted of those charges in separate proceedings under two different indictment numbers, and he was sentenced by the Board to six months back time for his conviction involving the illegal use of credit cards, six months for the retail theft conviction, and six months as a technical parole violator, for a total of eighteen months back time.

Our scope of review in parole matters, of course, requires that we refrain from interfering with the

---

[1] 18 Pa. C. S. §4106.
[2] 18 Pa. C. S. §3929.

exercise of the Board's discretion unless there has been a violation of constitutional rights, a total failure of the Board to exercise its discretion, or an arbitrary and capricious exercise of the Board's discretion. *Bradshaw v. Pennsylvania Board of Probation and Parole,* 75 Pa. Commonwealth Ct. 90, 461 A.2d 342 (1983).

The petitioner contends here that the Board abused its discretion by levying consecutive six month sentences for conduct which, he asserts, arose from the same incident and was purportedly handled by the trial court as a single matter. The record, however, fails to support the assertion that the crimes in question arose out of the same events or were treated as such. Assuming arguendo, however, that the events were so related, no difference would be required in the Board's decision. We have recently held, in *Perry v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 548, A.2d (1984), that the Board may impose separate recommitment terms for each conviction arising out of the same criminal event.

The petitioner also contends that the Board abused its discretion with respect to the length of back time he was ordered to serve, asserting that the Board was required to provide a written explanation of mitigating or aggravating circumstances to justify its alleged deviation from the sentencing guidelines[3] which it was required to take into account in fixing his term. Our careful review of the record, however, fails to support the assertion that the Board deviated from the guidelines in question.

We will, therefore, affirm the order of the Board.

---

[3] 37 Pa. Code §§75.1—75.4.

## ORDER

AND NOW, this 31st day of January, 1985, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.