James Wolfe, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs October 31, 1985, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Frederick I. Huganir*, Assistant Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

Opinion by Judge MacPhail, January 15, 1986:

James Wolfe (Petitioner) appeals here from a decision of the Pennsylvania Board of Probation and Parole (Board) which denied him administrative relief. We affirm.

On September 24, 1984, Petitioner, on parole, was found guilty of Theft by unlawful taking or disposition[1] and Receiving Stolen Property.[2] Petitioner was subsequently sentenced to a term of not less than eighteen months nor more than three years and was

---

[1] 18 Pa. C. S. §3921(a).

[2] 18 Pa. C. S. §3925(a).

committed to the State Correctional Institution at Camp Hill (SCI-Camp Hill).

A full Board revocation hearing was held on March 13, 1985, where Petitioner was represented by the Assistant Public Defender of Cumberland County. By a decision dated March 28, 1985,[3] the Board recommitted Petitioner as a convicted parole violator to serve a total of fifteen months on backtime "for multiple offenses". The Board's decision noted that the "presumptive range for offense of theft is six to twelve months", and did not account for the three additional months of backtime imposed. Petitioner's parole violation maximum date was determined to be November 5, 1987.

Petitioner, through counsel, requested administrative relief from the Board's order, contending that (1) the Board erred in finding Petitioner a multiple offender in that the offense of theft by unlawful taking merged into the offense of receiving stolen property, so that in essence there was but one offense; (2) the board erred in computing the parole violation maximum date; and (3) the Board erred in imposing a recommitment of more than six to twelve months.

On May 17, 1985, the Board modified its prior order by changing the maximum date to November 5, 1986. By letter dated May 29, 1985, the Board addressed Petitioner's request for administrative relief:

> The Board, in ordering your client to serve 15 months on backtime, noted that the predominant presumptive range for the offense of theft is 6 to 12 months and listed the following aggravating reason for going beyond the range: 'Pattern of parole failure.' The Board went beyond the presumptive range for the conviction and listed

---

[3] The decision was recorded on March 13, 1985, the day of the hearing.

an aggravating reason. This is in accordance with the published procedure and within the Board's discretion. Your client's action will be modified to include the above noted aggravating reason and this modification will be forwarded to all involved parties through separate correspondence.

On May 29, 1985, the Board modified its March 13, 1985 order by adding "Aggravating Reasons: Pattern of Parole Failure". Petitioner's counsel, by letter dated May 31, 1985, informed the Board that there was no order listing an aggravating reason. A copy of the modification was then forwarded to Petitioner's counsel on June 4, 1985. A timely petition for review to this Court followed.

In his appeal to this Court, Petitioner raises two arguments: (1) whether the Board had the authority to modify the March 13, 1985 order by later adding an aggravating reason and (2) whether Petitioner's constitutional rights were violated when the Board recommitted him as a multiple offender. In addressing these issues, we are cognizant of our limited scope of review of a Board recommitment order which is to determine whether the Board's adjudication is supported by substantial evidence, whether such findings are in accordance with law and whether any constitutional rights of the parolee have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Zazo v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

Petitioner premises his first argument on the fact that the record as presented at the hearing contains absolutely no evidence which could support the Board's decision to exceed the presumptive range. The Board's regulations provide that "[t]he Board may deviate from the presumptive range or determine that recom-

mitment should not occur, *provided written justification is given*". 37 Pa. Code §75.1(c) (emphasis added). This Court has previously permitted the Board to provide written justification after it hands down its order deviating from the presumptive range. *Zazo*. As long as the record supports the deviation, the Board has not arbitrarily exercised its discretion. *Wisniewski v. Pennsylvania Board of Probation and Parole*, 87 Pa. Commonwealth Ct. 299, 499 A.2d 1 (1985). Our review of the record reveals substantial evidence to support the deviation from the presumptive range.[4]

We now turn to Petitioner's argument that the Board erred in recommitting him as a convicted parole violator "for multiple offenses". It is true that for purposes of sentencing by a trial court, the crime of theft by receiving stolen property merges into the crime of theft by unlawful taking, *Commonwealth v. Wilson*, 312 Pa. Superior Ct. 77, 458 A.2d 244 (1983); however, the recommital of a parolee to serve an additional part of his original sentence does not constitute the imposition of a sentence. *Krantz v. Pennsylvania Board of Probation and Parole*, 86 Pa. Commonwealth Ct. 38, 483 A.2d 1044 (1984).

The presumptive range for theft by unlawful taking[5] is six to twelve months. Although the Board

---

[4] The record indicates that Petitioner's initial adjustment to parole, granted in 1982, was "marginal", that he was arrested but subsequently acquitted of charges of burglary and criminal trespass in 1983 and that he was arrested in 1984 and subsequently convicted for the new charges of theft and receiving stolen property. The record also indicates that Petitioner was convicted four times and his parole had already been revoked twice prior to this last hearing before the Board.

[5] The theft by unlawful taking would be graded, in the instant case, as a misdemeanor of the first degree. 18 Pa. C. S. §3903(b). The presumptive range for both theft, a misdemeanor of the first degree and receiving stolen property over $200 is six months to 12

stated that the recommitment was for multiple offenses, the Board applied only the presumptive range for theft by unlawful taking and then justified deviating from that range by noting Petitioner's pattern of parole violations. We find no errors of law nor any indication that constitutional rights have been violated by the Board's action.

Accordingly, we affirm.

ORDER

The order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.

---

months. 37 Pa. Code §75.2. Although the Board now argues to us that there were, in fact, two separate offenses, the Board is bound in this appeal by its written notice to the Petitioner of its reason for excluding the presumptive recommitment range.