546 A.2d 759

Lawrence E. McClinton, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs April 6, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Christopher J. St. John,* Assistant Public Defender, for petitioner.

*Timothy P. Wile,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BLATT, August 26, 1988:

Lawrence E. McClinton (petitioner) petitions for our review of the denial of administrative relief by the Pennsylvania Board of Probation and Parole (Board). We will affirm.

The petitioner was serving a term of imprisonment of ten to twenty years for the offense of second degree murder at the time of his parole on April 9, 1984. He was arrested on January 22, 1987 for the crimes of robbery, burglary, terroristic threats and simple assault, all stemming from one incident.[1] A verdict of guilty was returned from the jury on all four charges on June 17, 1987. He was notified on June 26, 1987 that he was being charged as a convicted parole violator as a result of these four new offenses.

After the petitioner's revocation hearing of July 9, 1987, the Board ordered the petitioner to be recommitted as a convicted parole violator to serve an additional 60 months, for a total of 78 months backtime. This decision was challenged by the petitioner in his request for

---

[1] The petitioner was previously arrested on January 14, 1987 and was convicted for one count of receiving stolen property. He was also charged with violating parole conditions 1, 2 and 3a. After a violation/revocation hearing, he was ordered to serve 18 months backtime as a technical and convicted parole violator. This decision has not been challenged.

administrative relief and in his petition for review to this Court.

The petitioner raises three issues for our review.[2] The first is whether the Board erred in aggregating backtime for all four offenses. His point is that, pursuant to Section 3502(d) of the Crimes Code (Code), 18 Pa. C. S. §3502(d), he may not be convicted of both burglary and the additional charges,[3] and that, therefore, he can only be recommitted for burglary. When the Board was presented with this issue in the petitioner's request for administrative relief, it responded:

> The Board does not litigate the case and acts solely on the findings of the Common Pleas Court. If your motion and [sic] arrest and [sic] judgement [sic] is granted, the case will be presented to the Board for review and modification.

Original Record at 54.

The trial court, however, did not grant the petitioner's motion in arrest of judgment.[4] It ruled instead

---

[2] Our scope of review is limited to a determination of whether constitutional rights were violated, errors of law were committed, and whether necessary findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

[3] Section 3502(d) states that:

> A person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree.

The petitioner's robbery offense was a third degree felony, Section 3701(a)(1)(v), *as amended,* and the offenses of terroristic threats, Section 2706, and simple assault, Section 2701(a)(1) and/or (3), are misdemeanors.

[4] Although the trial court's opinion and its sentencing order are not part of the certified record, they are attached to the petitioner's brief. We will limit our discussion of these documents to that which is necessary in order to present the issues.

that under *Commonwealth v. Tessel,* 347 Pa. Superior Ct. 37, 500 A.2d 144 (1985), it is the judgment of sentence which is prohibited by Section 3502(d) of the Code, rather than the verdict of guilty. Therefore, under *Tessel,* it is permissible for the petitioner to be found guilty of all four offenses, even though he may only be sentenced for, *i.e.,* "convicted" of, burglary. Consequently, the trial court was able to resolve this issue by sentencing him only for burglary, and it was not necessary to act on his motion in arrest of judgment.

The trial court's opinion and sentencing order are both dated after the Board's denial of administrative relief, and, of course, long after its recommitment order. As a result, the Board did not have the benefit of the trial court's final determination regarding merger of offenses when it made its final decision. The case was also not later presented to the Board for review and modification as suggested in the Board's denial of administrative relief.

The issue is complicated by the procedure required in parole revocation cases. Board regulations require that the final revocation hearing be held within 120 days from the date the Board receives official verification of the plea of guilty or *nolo contendere,* or of the guilty verdict at the highest trial court level. 37 Pa. Code §71.4(1). In the instant case, the petitioner was found guilty on June 17, 1987. The final revocation hearing was held on July 9, 1987. The Board's decision to recommit was recorded on September 1, 1987 and mailed on October 1, 1987. The trial court's opinion and order are dated November 25, 1987 and its order of sentence is dated January 25, 1988. Clearly the Board could not delay the petitioner's final revocation hearing while awaiting the trial court's judgment of sentence.

This means then that in this case, and likely in many others, the Board does not know for which crimes the

parolee will actually be convicted, within the meaning set forth in *Tessel,* before they must hold a final revocation hearing. This dilemma was previously litigated before Judge HIGGINBOTHAM of the United States District Court in the case of *United States ex rel. Burgess v. Lindsey,* 395 F. Supp. 404 (E.D. Pa. 1975). Prior to that decision, the Board argued that it was proper to hold the revocation hearing after sentencing because conviction is not complete until that time. The Court in *Burgess* dismissed that argument by opining that the term "conviction" means a verdict or plea of guilty. Judge HIGGINBOTHAM also pointed out that the recommitment of "convicted violators" is addressed in Section 21.1 of the "Parole Act" (Act), Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a. The relevant language from Section 21.1 of the Act reads as follows:

> Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, *commits any crime punishable by imprisonment, for which he is convicted or found guilty* by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator.

(Emphasis added.)[5]

The Board, in its brief, does not cite Section 21.1 of the Act for this proposition. It instead relies on the fact that the petitioner admitted at his revocation hearing that he was "convicted" of all four crimes with which he

---

[5] Section 21.1 of the Act was last amended in 1957. The language quoted above was, therefore, that which was in effect at all times during the disposition of both *Burgess* and the instant case.

had been charged; and that it may impose separate recommitment terms for each conviction, even if the crimes were handled by the trial court as a single event. It cites *Perry v. Pennsylvania Board of Probation and Parole*, 86 Pa. Commonwealth Ct. 548, 485 A.2d 1231 (1984); and *Wisniewski v. Pennsylvania Board of Probation and Parole*, 87 Pa. Commonwealth Ct. 299, 499 A.2d 1 (1985), in support of these points. The Board then goes on to say:

> Simply put, the criminal law doctrine of merger of offenses for sentencing does not apply to the Board's parole revocation process. *Cf.* Hill v. Pennsylvania Board of Probation and Parole, 89 Pa. Commonwealth Ct. 140, 492 A.2d 80 (1985), *allowance of appeal denied,* 514 Pa. 651 [sic] 524 A.2d 496 (1987) (rules of criminal procedure are inapplicable to the Board's parole revocation process).

Board's brief at 7. The bald assertion that the criminal law doctrine of merger does not apply to the parole revocation process, without the citation of directly supporting authority, is not responsive to the issue presented within.

Although we do not find the Board's arguments persuasive, we will nonetheless affirm its decision. We base this holding on the language of Section 21.1 of the Act. The General Assembly has given the Board the power to recommit a parolee following a finding of guilt, and the petitioner was found guilty of each offense for which he was assessed backtime. Accordingly, it is not necessary for the Board to have a final conviction before assessing backtime. It is likewise unnecessary to determine what constitutes a conviction and how merger affects the assessment of backtime. The current procedure is, therefore, sufficient.

The petitioner's next argument is that the presumptive range for the offense of robbery violates his right to equal protection because there are not separate presumptive ranges for the different degrees of robbery. He argues that differently situated convicted parole violators are thereby treated similarly. This is, of course, not an equal protection argument. Equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution, requires that all similarly situated persons be treated uniformly. *Reynolds v. Sims,* 377 U.S. 533 (1964), *reh'g denied,* 379 U.S. 870 (1964). The presumptive range for robbery is correlative with the presumptive ranges for other felonies. *See* 37 Pa. Code §75.2.[6]

Finally, the petitioner argues that the Board's order of recommitment to serve 60 months backtime is manifestly excessive in light of the nature of the violations and the fact that the multiple convictions cannot be used as an aggravating factor. At the time the petitioner's backtime was assessed, the presumptive ranges for the crimes for which he was found guilty were as follows: Robbery — 24 months to 40 months; Burglary — 15 months to 24 months; Terroristic Threats — 6 months to 12 months; and Simple Assault — 9 months to 15 months. 14 Pa. B. 1865 (1984). The total aggregate presumptive range was then 54 months to 91 months. The 60 months that the petitioner was ordered to serve is well within this range. This Court has repeatedly held that it will not review such cases. *Congo v. Pennsylvania Board of Probation and Parole,* 104 Pa. Commonwealth Ct. 511, 522 A.2d 676 (1987).

---

[6] We note that the amended presumptive ranges, effective January 16, 1988, do separate the degrees of robbery. The range is 30 to 48 months for a felony of the first degree, and 24 to 40 months for a felony of the second or third degree.

We will, accordingly, affirm the decision of the Board.

ORDER

AND NOW, this 26th day of August, 1988, the denial of administrative relief by the Board of Probation and Parole in the above-captioned matter is hereby affirmed.