**Donald WATKINS, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 8, 1996.

Decided Oct. 31, 1996.

Donald Watkins, Pro Se.

Robert A. Greevy, Assistant Chief Counsel, for Respondent.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.[1]

Donald Watkins (Watkins) petitions *pro se* for review of a decision of the Pennsylvania Board of Probation and Parole (Board) which granted in part his request for administrative review.

On April 23, 1991, Watkins was sentenced to serve three to six years at the State Correctional Institution at Graterford, Pennsylvania, based on a charge of possession with intent to distribute a controlled substance. On the same date, Watkins was also sentenced to serve two additional concurrent terms of two to five years for the offense of criminal conspiracy, and one to two years for possession of a controlled substance with intent to distribute. Watkins' sentence carried a maximum expiration date of February 2, 1997. On February 11, 1994, Watkins was released on parole subject to certain conditions, as set forth in 37 Pa.Code § 63.4.

On July 13, 1994, Watkins was arrested on charges of simple assault, aggravated assault, reckless endangerment of another person and terroristic threats. Watkins received notice of a Board hearing charging him with

1. This case was reassigned to the authoring judge on September 10, 1996.

criminal parole violations and technical parole violations of conditions 2 and 5A.[2]

After his conviction on the charges of terroristic threats and simple assault, the Board's hearing examiner conducted a revocation hearing. As a result, the Board revoked Watkins' parole on both technical and criminal parole violations.[3] The Board, in its revocation decision, imposed 18 months backtime for technical violations of both condition 2 and condition 5A. No aggravating circumstances were addressed in the revocation decision.

■ Watkins requested administrative relief challenging the finding of a violation of condition 2, arguing that there was no evidence to support that violation that he had not changed his residence, and that the hearing examiner told him that charge would be dropped. He asserted that he should only serve six to twelve months backtime for the technical violation of Condition 5A. The Board notified Watkins by letter that his petition for administrative relief was granted to the extent addressed in its order. Apparently agreeing with Watkins, the Board's order modified the recommitment portion of its prior order by removing all references to condition 2. However, the Board added the aggravating reason "assaultive offense while on parole" and did not change the amount of backtime imposed. Watkins then filed this appeal.[4]

Watkins contends in this appeal that the Board abused its discretion in adding an aggravating reason and in not reducing backtime due to the elimination of one of the violations for which it was imposed. The presumptive range for a violation of condition

**2.** Condition 2 states that the parolee may not move from his approved residence without permission. Condition 5A states that the parolee shall abstain from the unlawful possession or sale of narcotics and dangerous drugs and from the use of controlled substances.

**3.** The criminal violations and backtime imposed for those violations are not at issue here.

**4.** Our scope of review of a decision of the Board is limited to a determination as to whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether the constitutional rights of the

5A is only six to twelve months. 37 Pa.Code § 75.4. Watkins argues, therefore, that his backtime should have been reduced from 18 months to 12 months.[5]

■ The review of a petition for administrative relief was explained in *Burgess v. Pennsylvania Board of Probation and Parole,* 130 Pa.Cmwlth. 282, 568 A.2d 268, 269–70 (1989), *petition for allowance of appeal denied,* 525 Pa. 613, 577 A.2d 545 (1990):

> [T]he two member or three member revocation panel is the ultimate fact finder in revocation proceedings. 61 P.S. § 331.4(b). The panel deciding requests for administrative relief is not a fact finder. Its scope of review is to determine whether there is substantial evidence to support the finding, an error of law has been committed, or constitutional rights were violated.

Section 4(d) of the Pennsylvania Probation and Parole Act,[6] although retaining the appeal nature of the petition for administrative review, allows the panel for the Board to determine if *de novo* review is appropriate:

> An interested party may appeal a revocation decision within thirty days of the board's order. The decision shall be reviewed by three board members appointed by the chairman or the chairman's designee. If practicable, at least two of the board members reviewing the decision must not have been on the panel whose decision is being appealed. The three board members deciding the appeal may affirm, reverse or remand the decision of the panel *or may order the matter be heard de novo.*

parolee were violated. *Gaito v. Pennsylvania Board of Probation and Parole,* 128 Pa.Cmwlth. 253, 563 A.2d 545 (1989), *petition for allowance of appeal denied,* 525 Pa. 589, 575 A.2d 118 (1990).

**5.** Watkins also argues that the Board's order violated the doctrine of *res judicata,* violated his due process rights and obstructs his appeal rights.

**6.** Act of August 6, 1941, P.L. 861, *as added* by Section 2 of the Act of October 9, 1986, P.L. 1424, 61 P.S. § 331.4(d).

(Emphasis added).[7] Although the Board is specifically permitted to review requests for administrative relief *de novo,* the panel must issue an order to that effect. Unless the Board expressly orders that the matter will be heard *de novo,* the revocation panel must only review the revocation decision on a substantial evidence standard.[8] On petition for administrative relief, without an order for *de novo* review, new or additional findings on aggravating circumstances cannot be made in order to support backtime imposed. Having determined that the finding of a violation of condition 2 was not supported by substantial evidence, as evidenced by the order removing all references to that condition from the Board's order, the backtime imposed, which was for a single violation of condition 5, should have been reduced.

The Board argues that it is within its discretion to add aggravating reasons after the recommitment order is issued, citing the decision in *Wolfe v. Pennsylvania Board of Probation and Parole,* 94 Pa.Cmwlth. 200, 503 A.2d 483 (1986). We held in *Wolfe* that the Board may provide written justification for deviating from the presumptive range after it hands down its order so long as the record supports the deviation. *Wolfe* is inapplicable here. This case is distinguishable because the Board, rather than inadvertently omitting written justification for a deviation, initially based its backtime on two distinct technical violations and the backtime was within the presumptive ranges for the combined violations. Because one of those technical violations was not supported by the record, the Board was not providing justification for a prior deviation from the presumptive range, which would have been within its discretion in originally imposing backtime, but rather, is attempting to exercise discretion as to the remaining technical violation at a point when it has no discretion. Moreover, *Wolfe* was decided before the amendment to Section 4 of the Parole Act which added the above-quoted language limiting the Board's actions on appeal or administrative relief.

■ Accordingly, the decision on administrative relief is vacated and the case is remanded for the reversal of backtime imposed for a violation of condition 2.[9]

## ORDER

AND NOW, this 31st day of October, 1996, the order of the Pennsylvania Board of Probation and Parole, dated October 4, 1995, Parole No. 9445–X, is vacated and the case is remanded for the Board to reverse the backtime imposed for the violation of condition 2 which was subsequently removed.

Jurisdiction relinquished.

7. Although the Board's regulations distinguish between appeals of revocation decisions and petitions for administrative review, there is nothing in the Parole Act to indicate that Section 4(d) applies only to appeals of revocation hearings as that term is defined in the regulations. 37 Pa. Code § 73.1.

8. In *Williams v. Pennsylvania Board of Probation and Parole,* 654 A.2d 235 (Pa.Cmwlth.1995), this court affirmed a Board's decision where a designee of the chairman of the Board solely performed administrative review, summarily denying all relief requested and affirming the backtime imposed by the Board panel in the revocation decision. In that case, we interpreted the second sentence of Section 4(d) of the Parole Act—"[t]he decision shall be reviewed by three board members appointed by the chairman or the chairman's designee"—to allow the assistant chief counsel, acting as the chairman's

designee, to alone review administrative decisions usually left to three member panels. Although that holding has not been questioned before us, we believe that it does not follow from *Williams* that a designee of the chairman could perform *de novo* review of the revocation decision of a panel. *See* Timothy P. Wile, Pennsylvania Law of Probation and Parole, § 15:6 fn 60.2 (supp. April 1996).

9. Because we vacate and remand, we need not address Watkins' argument on *res judicata* and we refrain from reaching his constitutional issues. Where a case can be decided on nonconstitutional grounds, a reviewing court should not decide constitutional questions. *Gwynedd Development Group, Inc. v. Department of Labor and Industry,* 666 A.2d 365 (Pa.Cmwlth.1995), *petition for allowance of appeal granted,* but limited to other grounds, 544 Pa. 218, 675 A.2d 1220 (1996).