John Corley, Jr. Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges CRAIG, PALLADINO and BARBIERI, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him, *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, July 6, 1984:

John Corley, Jr. appeals an order of the Pennsylvania Board of Probation and Parole denying his petition for administrative relief as to a board order which recommitted Corley for eleven months as a convicted parole violator.

Corley raises three questions of law concerning only the most recent board order affecting his status, making it unnecessary to set forth a detailed factual account of his criminal history which includes at least three arrests, five convictions and four parole revocation hearings. We must determine:[1] (1) whether a

---

[1] The Commonwealth Court will not disturb the parole board's order unless it violates the parolee's constitutional rights, or the board either completely failed to exercise its discretion or arbitrarily and capriciously abused its discretion. *Bradshaw v. Pennsylvania Board of Probation and Parole,* 75 Pa. Commonwealth Ct. 90, 461 A.2d 342 (1983).

board recommitment order must include specific findings of fact and conclusions of law as required by section 507 of the Administrative Agency Law;[2] (2) whether the board must mention the parolee's mitigating evidence in a recommitment order which does not exceed presumptive ranges; and (3) whether a recommitment of eleven months based on convictions for simple assault and disorderly conduct, which have presumptive ranges of nine to fifteen months and one to six months, respectively, is excessive.

Corley's first contention, that the failure of the board's order to comply with the specificity requirements of section 507 of the Administrative Agency Law warrants a remand, is without merit. That section applies only to "agency adjudications,"[3] and an order based on a proceeding involving parole is specifically excluded from the definition of "adjudication" under section 101[4] of the Administrative Agency Law. Further, the recommitment order,[5] although brief, does include the following elements which we

_____

[2] 2 Pa. C. S. §§501-508, 701-704.

[3] 2 Pa. C. S. §507 provides:
All adjudications of a Commonwealth agency shall be in writing, shall contain findings and the reasons for the adjudication, and shall be served upon all parties or their counsel personally, or by mail.

[4] 2 Pa. C. S. §101 provides in part:
"Adjudication." Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations . . . . The term does not include any order based upon a proceeding before a court or which involves . . . paroles . . . .

[5] The board's order is as follows:
Reaffirm recommitment portion and rescind reparole portion of Board Action of 7-18-83, and now, recommit as a convicted parole violator to serve 11 months, for a total of 2 years, 8 months, 8 days, in effect, unexpired term—2 years, 7 months and 18 days.

recommended for a logical format in *Lewis v. Pennsylvania Board of Probation and Parole*, 74 Pa. Commonwealth Ct. 335, 337 n.2, 459 A.2d 1339, 1340 n.2 (1983): The specific parole violation and nature of the offense, the applicable presumptive range and the recommitment time actually imposed.

*Lewis* also recommends that a board decision include "any mitigating or aggravating circumstances considered by the board for increasing or decreasing recommitment time." *Id.* Corley argues that the board's failure to include in its order the mitigating evidence he presented at the revocation hearing illustrates the board's capricious disregard of that evidence, which requires reversal. However, we agree with the board that mitigating or aggravating evidence need only be set forth in the order where the recommitment time actually imposed falls short of or exceeds the presumptive range. In *Lewis*, the board reduced the parolee's recommitment time from one to six months (the presumptive range for harassment), to zero months, citing mitigating circumstances. We find additional support for the board's approach in 37 Pa. Code sections 75.1(b) and (c) which provide:

---

Evidence relied on: Conviction in a court of record. Court document signed by Judge ANDERSON, certified to be a true and correct copy. Your attorney's and your own acknowledgement. Conviction in a court of record for the offense of Simple Assault has a Presumptive Range of 9 to 15 months.

Reasons: Conviction in a court of record established (HR 8-11-83)

If you wish to appeal this decision, you must either file a petition for review in the Commonwealth Court within thirty days of this order or file a request for administrative relief with the Board within thirty days of this order. You have the right to an attorney in appealing this order.

Parole violation max date: 011586

(b) The presumptive ranges of parole backtime are intended to structure the discretion of the board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision.

(c) The board may deviate from the presumptive range or determine that recommitment should not occur, provided written justification is given.

A reasonable interpretation of those two subsections is that the board may consider mitigating and aggravating circumstances to arrive at a recommitment time within the presumptive range, but need only set forth those circumstances when consideration of them leads to an order deviating from the presumptive range.

Corley's final contention is that the board's order recommitting him for eleven months backtime is harsh and excessive, and therefore, an abuse of discretion. At an earlier revocation hearing stemming from a theft conviction, the board ordered Corley recommitted for six months backtime. Adding that to the backtime presently appealed, the board has ordered Corley recommitted for a total of seventeen months as a convicted parole violator. Corley argues that the Code does not permit the board to order recommitment for each new criminal conviction, but that the board may recommit only for the presumptive range applicable to the most serious crime of which the parolee stands convicted. We disagree.

Although the Code does not explicitly state that the board may consider each criminal conviction as a separate parole violation and may aggregate backtime accordingly, that interpretation is implicit in a comparison of the regulations governing the application of presumptive ranges for convicted parole violators,

37 Pa. Code §75.1, with those governing technical parole violators, 37 Pa. Code §75.4. The regulations parallel one another in subsections (a) through (d), with the only significant differences occurring in subsections (e) and (f).[6]

Section 75.4(e) provides: "When multiple violations occur, the presumptive range will be used which has the highest backtime range of those conditions violated."

Significantly, the Code does not contain a parallel convicted parole violator regulation directing the board to apply the presumptive range which has the highest backtime of those crimes of which the parolee stands convicted. A fundamental principle of statutory construction is that, where a section of a statute contains a given provision, the omission of that provision from a similar section is significant to show a different intention existed. *Commonwealth v. Bigelow*, 484 Pa. 476, 399 A.2d 392 (1979); 1 Pa. C. S. §1921.

We must conclude that the omission of a multiple conviction provision from section 75.1 indicates that the board has discretion to recommit for each separate criminal conviction, and that here, therefore, the board did not abuse its discretion by ordering Corley recommitted for eleven months backtime as a result of his conviction of simple assault, which has a nine-to-fifteen-month presumptive range.[7]

---

[6] 37 Pa. Code §75.4(e) states that the ranking of crimes listed at §75.2 is not exhaustive, and directs the board to apply the presumptive range of that crime most closely related in terms of severity to a crime which is not listed. Section 75.1 does not have a subsection (f).

[7] Corley was also convicted of disorderly conduct, which has a presumptive range of one to six months. However, the board apparently based its recommitment order solely on the simple assault conviction.

In sum, we conclude that a parole board recommitment order is not an adjudication requiring specific findings of fact and conclusions of law under section 507 of the Administrative Agency Law, that the board need not mention mitigating evidence where its order does not deviate from the presumptive ranges, and that the board may order recommitment for each new criminal conviction.

Accordingly, we affirm.

ORDER

Now, July 6, 1984, the order of the Pennsylvania Board of Probation and Parole entered at Parole No. 5905-P on September 8, 1983, is affirmed.