Arlene Perry, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges CRAIG and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Jayne Shinko,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Wald- man,* General Counsel, and *LeRoy S. Zimmerman,* At- torney General, for respondent.

OPINION BY JUDGE BARBIERI, December 31, 1984:

Arlene Perry appeals an order of the Pennsylva- nia Board of Probation and Parole (Board) denying her petition for Administrative Relief as to a Board order which recommitted her as a convicted parole violator: thirty months for the offense of robbery and eighteen months for the offense of burglary.

Perry, acknowledging that she received a full and complete hearing in the instant case and making no contest as to the length of her recommitment based upon the robbery conviction, contends that the com- mitment for the burglary is illegal because (1) all charges, including the ones on which she has been recommitted, occurred as a part of the same criminal episode and (2) since the Board's regulation, 37 Pa. Code 75.1(d), provides that "presumptive ranges are intended to directly relate to the severity of the crime for which the parolee has been convicted," the Board is limited to the presumptive range applicable to the more serious of the charges, and, since robbery has a more extensive presumptive range than burglary, the Board is limited to recommitting only for the robbery conviction. We find no merit in either of these con- tentions and will affirm.

The Board relies upon, and urges as controlling here on both issues, our decision in *Corley v. Penn- sylvania Board of Probation and Parole,* 83 Pa. Com- monwealth Ct. 529, 478 A.2d 146 (1984). *Corley* was recommitted as a convicted parole violator for eleven

months backtime as a result of his conviction for simple assault.[1]  There had been a prior revocation hearing as a result of a theft conviction for which the Board had ordered *Corley* recommitted for six months backtime.  *Corley* contended that since the combination of the two commitments amounted to seventeen months, the eleven months backtime was harsh and excessive and, therefore, an abuse of discretion; and that "the Code does not permit the board to order recommitment for each new criminal conviction, but that the board may recommit only for the presumptive range applicable to the most serious crime of which the parolee stands convicted." *Id.* After discussion and examination of pertinent provisions of the Code, including comparison of Section 75.1 as to ranges for convicted parole violators with Section 75.3(e) as to technical violations,[2] we stated:

> Section [75.3(e)] provides: "When multiple violations occur, the presumptive range will be used which has the highest backtime range of those conditions violated."
>
> Significantly, the Code does not contain a parallel convicted parole violator regulation directing the board to apply the presumptive range which has the highest backtime of those crimes of which the parolee stands convicted. A fundamental principle of statutory construction is that, where a section of a statute contains a given provision, the omission of that provision from a similar section is significant to show a different intention existed.  Common-

---

[1] Corley was also convicted of disorderly conduct which carries a presumptive range of one to six months, but the Board, in its discretion, wished to base its recommitment order solely on the simple assault conviction.

[2] 37 Pa. Code §75.1 and §75.3(e).  We note that *Corley* inadvertently cites §75.4(e) for §75.3(e).

wealth v. Bigelow, 484 Pa. 476, 399 A.2d 392 (1979); 1 Pa. C. S. §1921.

We must conclude that the omission of a multiple conviction provision from section 75.1 indicates that the board has discretion to recommit for each separate criminal conviction, and that here, therefore, the board did not abuse its discretion by ordering Corley recommitted for eleven months backtime as a result of his conviction of simple assault, which has a nine-to-fifteen-month presumptive range.

Although *Corley* is concerned with two separate events, whereas both convictions in this case arise out of conduct on one occasion,[3] so that this case may be one of first instance in this regard, we are persuaded that the logic in *Corley* is equally applicable here. Accordingly, we hold that the Board may impose separate recommitment terms for each conviction while on parole although the separate convictions involved arise out of the same criminal event.[4] To hold otherwise, of course, would be to rule that one who robs and does so by committing the additional crime

---

[3] Perry raises no question here as to compliance with the presumptive ranges: Thirty months for the offense of robbery, which carries a presumptive range of twenty-four to forty-eight months, and eighteen months for the offense of burglary which carries a presumptive range from fifteen to twenty-four months. 37 Pa. Code §75.2.

We note that the total of the Board's two recommitment terms amounts to forty-eight months, the four years remaining of Petitioner's unexpired term on her original conviction for which she was on parole.

[4] Petitioner has not questioned that she was properly convicted of the separate offenses of robbery and burglary. Her sentence on the robbery charge of four to ten years connotes a first or second degree robbery conviction in which case, under the terms of 18 Pa. C. S. §3502(d), titled "Multiple Convictions," she could be convicted for burglary as well as for the robbery.

of burglary, thereby committing two crimes, must be viewed for parole violation purposes as a no more serious convicted violator than one who only robs.

In conclusion, since we hold that separate convictions may support separate recommitments within the guidelines, although arising out of the same criminal conduct; and find, as in *Corley*,[5] no statutory or regulation provision requiring recommitment on only the most serious of criminal convictions arising out of the same criminal episode; and since we find no other error on the part of the Board in levying the recommitment terms, we will affirm.

ORDER

Now, December 31, 1984, the order of the Pennsylvania Board of Probation and Parole entered at Parole No. 6869-P, on December 1, 1983, is affirmed.

---

[5] *Cf. McClure v. Pa. Board of Probation and Parole*, 75 Pa. Commonwealth Ct. 176, 461 A.2d 645 (1983).