505 A.2d 407

Robert Patton, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs December 26, 1985, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*David T. Rammler, Rammler and Langsam,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

Opinion by Judge MacPhail, March 3, 1986:

Robert Patton (Petitioner) appeals here an order of the Pennsylvania Board of Probation and Parole (Board) which denied his petition for administrative relief from a Board order recommitting him as a technical and convicted parole violator.

On January 22, 1983, while on parole, Petitioner was arrested in New Jersey and charged with illegal possession of a firearm. The Board lodged its detainer on January 25, 1983. Although the New Jersey charges were later dismissed, Petitioner was indicted and convicted on federal charges of violating the Fed-

eral Uniform Firearms Act, 18 U.S.C. §1202, arising out of the same occurrence.

Although the record is not complete, it appears that Petitioner commenced serving his federal sentence in February of 1984 but was returned to the State Correctional Institute at Graterford (SCI-Graterford) in June of 1984.

A parole revocation hearing was scheduled for September 25, 1984 but on that date Petitioner requested a continuance to obtain private counsel, waiving the 120-day timeliness provision found at 37 Pa. Code §71.4. A full Board hearing was held on April 3, 1985, at which time Petitioner admitted leaving the jurisdiction for New Jersey but denied having possession of a gun. On April 29, 1985, the Board recommitted Petitioner as a technical and convicted parole violator when available to serve a total of 48 months on backtime. After the Board denied Petitioner's request for administrative relief, he appealed to this Court.

Petitioner, through counsel, first argues that the Board violated Pennsylvania's Agreement on Detainers Act (Detainers Act), found at 42 Pa. C. S. §§9101-9108,[1] specifically arguing that the Board violated Article V, Sections (d) and (e) of the Detainers Act because the federal authorities did not offer, nor did the Board demand the Petitioner's return at the conclusion of his prosecution in federal court. Petitioner contends that the Board's failure to request the Petitioner's return constituted a waiver of their jurisdiction over Petitioner. The record discloses that Petitioner was convicted in a federal district court in New Jersey in December of 1983 and sentenced by

---

[1] We have some serious doubts as to whether the Detainers Act has application to the facts before us, but the record certified to this Court is inadequate and we are unable to make a determination on that issue. But in fairness to Petitioner, we have proceeded to discuss the provisions of the Detainers Act as if they would apply.

that court on February 14, 1984 to two consecutive terms of imprisonment. Petitioner's brief states that he was returned to Pennsylvania under the Board's detainer in June of 1984. There is no evidence in the record to indicate that the Petitioner was not returned at the "earliest practicable time" as required by Article V(e). There would seem to be no point in returning Petitioner to Pennsylvania until he was sentenced. Considering security matters and federal prisoner processing procedures, we cannot say that four months is unreasonable and a violation of the Detainers Act. In any event, it is quite clear that Petitioner was never released from the Board's detainer and it was incumbent upon Petitioner to request his return to Pennsylvania. There is no evidence in the record to indicate that Petitioner had requested final disposition. *See* Article III(a) of the Detainers Act.

Petitioner argues next that the Board erred in imposing separate recommitments as a technical and convicted parole violator based upon the same act. Pursuant to our Supreme Court's decision in *Rivenbark v. Pennsylvania Board of Probation and Parole,* Pa. , A.2d (No. 27 E.D. Appeal Docket 1985, filed December 10, 1985), we must agree with Petitioner. The Court held in *Rivenbark* that a parolee may not be recommitted as a technical violator based upon an act constituting a new crime of which he is convicted. *Id.,* slip op. at 7. In the instant case, the Board recommitted Petitioner for eighteen months as a technical parole violator for violating Condition No. 1 (report in person or in writing within 48 hours) and Condition 5B (refrain from owning or possessing any firearms or other weapons). The conviction violation arose from the federal conviction based upon Petitioner's possession of a firearm. Petitioner's recommitment as a technical violator of

Condition 5B was based upon an act, possessing a firearm, which constituted a new crime of which he was convicted. Consequently, Petitioner's recommitment order must be vacated and this case remanded to the Board for reconsideration of Petitioner's period of recommitment.

Petitioner also argues that the Board erred in admitting a form PBPP-257 prepared by Petitioner's parole agent.[2] No objection to the introduction of the report was made. Petitioner now contends that his due process rights were violated in that the report was not made available to counsel prior to the hearing. We know of no statute, Board regulation or case law which would require the Board to make such information available prior to a full Board hearing.

Finally, Petitioner argues that the Board did not consider mitigating evidence in ordering Petitioner to serve a recommitment beyond the presumptive range. We need not discuss this issue in light of our holding that the Board must reconsider Petitioner's period of recommitment. We note in passing, that mitigating evidence need only be set forth in the order where the recommitment time imposed falls short of the presumptive range. *Corley v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 529, 478 A.2d 146 (1984).

The order of the Board is vacated and the matter is remanded to the Board for proceedings consistent with this opinion.

## ORDER

The order of the Pennsylvania Board of Probation and Parole, dated April 28, 1985, is vacated and the

---

[2] The Form is a report setting forth the alleged violations and a summary of the evidence in support of those violations. All of this material, of course, was the subject of oral testimony at the hearing.

338

matter is remanded to the Board for proceedings consistent with this opinion.

#### Amended Order

And Now, March 5, 1986, the order entered March 3, 1986, is amended to read as follows:

The order of the Pennsylvania Board of Probation and Parole denying administrative relief is vacated and the matter is remanded to the Board for proceedings consistent with this opinion.