548 A.2d 393

Eric H. Medrow, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

*Scott E. Lash, Fry* & *Golden,* for appellant.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE BARRY, October 12, 1988:

Eric H. Medrow (licensee) appeals from an order of the Court of Common Pleas of Chester County dismissing his appeal from a three month suspension imposed on him by the Department of Transportation (DOT).

The licensee was the owner and operator of a motor vehicle that was uninsured at the time of a reportable accident on June 11, 1986. DOT suspended his driver's license for three months pursuant to Section 1785 of the Vehicle Code (Code), 75 Pa. C. S. §1785. Licensee appealed to the common pleas court which, after holding a de novo hearing on the matter, dismissed the appeal. This appeal then followed.

In the present case, licensee does not argue that DOT failed to meet its burden of proving that he had failed to prove the existence of the conditions necessary to suspend his license pursuant to Section 1785. Instead, licensee argues that 67 Pa. Code §219.7, a regulation which specified the length of a suspension imposed pursuant to Section 1785, is inconsistent with the Code and that DOT, in enacting that regulation, exceeded its authority. Our scope of review in an appeal from the suspension of operating privileges is limited to a determination of whether there has been an erroneous conclusion of law, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Miller,* 107 Pa. Commonwealth Ct. 458, 528 A.2d 1030 (1987).

An administrative agency's interpretation of its own regulation is controlling unless (1) that interpretation is plainly erroneous or inconsistent with the regulation or (2) the regulation is inconsistent with the statute under which it is promulgated. *E. Smalis Painting Company v. Department of Transportation*, 70 Pa. Commonwealth Ct. 90, 452 A.2d 601 (1982). The regulation in question reads as follows:

> Failure to show proof of financial responsibility as required by 75 Pa. C. S. §§1784 and 1785 (relating to proof of financial responsibility following violation and proof of financial responsibility following accident) will result in a three month suspension of the vehicle owner's operating privilege if the owner was driving at the time of the traffic offense or accident.

Licensee here does not contend that the Department's interpretation of this regulation is plainly erroneous. He does, however, argue that the regulation is inconsistent with the statute under which it is promulgated. In making this argument, he relies upon Sections 1785 and 1783 of the Code.

Section 1785 of the Code provides:

> If the department determines that the owner of a motor vehicle involved in an accident requiring notice to a police department pursuant to section 3746 (relating to immediate notice of accident to police department) did not maintain financial responsibility on the motor vehicle at the time of the accident, the department shall suspend the operating privilege of the owner, where applicable, and the department shall revoke the registration of the vehicle.

Clearly, there is no provision in this section establishing the duration of the suspension that is to be imposed pursuant thereto. Meanwhile, Section 1783 of the Code provides:

Whenever the department suspends or revokes the operating privilege of any person or the registration of any vehicle pursuant to section 1532 (relating to revocation or suspension of operating privilege), 1772 (relating to suspension for nonpayment of judgments), 1784 (relating to proof of financial responsibility following violation) or 1785 (relating to proof of financial responsibility following accident), or upon receiving the record of a conviction or forfeiture of bail, the department shall not restore the operating privilege or the applicable registration until the person furnishes proof of financial responsibility.

Licensee would have this Court conclude that it is this section which establishes the period of suspension for a violation of Section 1785. He argues that, as Section 1773 establishes the duration of a suspension to be imposed pursuant to Section 1772 as being an indefinite period which comes to an end at the time he satisfies all judgments arising out of motor vehicle accident to the extent required by the Code and submits proof of current financial responsibility, so Section 1785 establishes the duration of a suspension to be imposed pursuant to Section 1785 as being an indefinite period of time which comes to an end at the time he submits proof of current financial responsibility.

If, however, we are to hold that Section 1783 establishes the duration of a suspension imposed pursuant to Section 1785, we must also hold that that section establishes the duration of a suspension imposed pursuant to Sections 1532, 1542, 1772 and 1784 of the Code as well since, by its terms, Section 1783 is applicable to suspensions imposed pursuant to those sections, as well as Section 1785. If Section 1783 was applied in the manner suggested by licensee to suspensions imposed pur-

suant to Section 1772, we could be faced with a conflict between Sections 1773 and 1783.[1] Almost the same thing could be said if we were to give Section 1783 the effect that licensee contends it should be given to suspensions imposed pursuant to Sections 1532 and 1542, wherein the legislature has established the duration of suspensions to be imposed pursuant thereto as a definite period of time.[2]

When laws pertain to the same subject matter they are to be construed, if possible, as one statute. *Royal Indemnity Co. v. Adams*, 309 Pa. Superior Ct. 233, 455 A.2d 135 (1983). This principle applies when construing Section 1783 and the other sections of the Vehicle Code referred to therein. Section 1783 can be construed as establishing a condition which must be met before licensee may have his operating privileges restored following the expiration of the period of suspension established by the legislature in other sections of the Code.

Sections 1784 and 1785, of course, do not contain a provision establishing the duration for suspensions pursuant thereto nor does there appear to be any other section establishing the duration of the suspensions to be imposed pursuant thereto. In *Corley v. Pennsylvania Board of Probation and Parole*, 83 Pa. Commonwealth

---

[1] If an individual were to submit proof of current financial responsibility at a time when he has not yet satisfied all judgments arising out of motor vehicle accidents to the extent required by the Code, DOT, under Section 1783, would have to discontinue the suspension even though the individual has not satisfied those judgments to the extent required.

[2] For example, DOT, under Section 1542, is to revoke for five years the operating privileges of a licensee determined to be a habitual offender for five years. Under Section 1783, as construed by licensee, DOT could suspend the operating privileges of the same person only until he provided proof of financial responsibility. This condition could be satisfied prior to the expiration of five years.

Ct. 529, 478 A.2d 146 (1984), this Court stated that "[a] fundamental principle of statutory construction is that, where a section of a statute contains a given provision, the omission of the provision from a similar section is significant to show a different intention existed." *Id.* at 534, 478 A.2d at 149. Following this principle of statutory construction, we must, given the above conclusion regarding the relationship with Section 1783 and the other sections referred to therein, conclude that the omission of a provision establishing the duration of a suspension imposed pursuant to either Section 1784 or 1785 indicates that the legislature has left the decision as to the duration of a suspension imposed pursuant to those sections to the discretion of DOT.

Thus, the rule set forth in 67 Pa. Code §219.7 is not inconsistent with the statute under which it was promulgated. Rather, it reflects DOT's exercise of its discretion on a matter committed to its discretion by the legislature. It is a rule which DOT was authorized to enact by Section 1704 of the Code, 75 Pa. C. S. §1704. That section provides that, with the exception of matters under the jurisdiction of the Insurance Department, as determined by Chapter 17 of the Code (the Motor Vehicle Financial Responsibility Law) or other statute, DOT "shall administer and enforce this chapter [Chapter 17] and may make rules and regulations necessary for the administration and enforcement of this chapter" (in which Sections 1784 and 1785 appear).

We note that licensee argues that it can be implied from the terms of Section 6103(e) of the Code that the legislature did not intend to authorize DOT to enact rules establishing the duration of a suspension imposed pursuant to Section 1785 and, presumably Section 1784. Section 6103(e) provides in pertinent part:

(e) **Additional penalties.—**

(1) In addition to any other penalty provided by the law, the department may promulgate

regulations providing for the suspension of the operating privilege, vehicle registration and fleet inspection privilege of:

(i) Any person who fails to pay any fee, charge, or fine levied under this title.

(ii) Any person the department finds has repeatedly operated or caused or permitted the operation of motor carrier vehicles or buses placed out of service under service under section 4704(c) (relating to inspection by police or Commonwealth personnel).

. . . .

As suggested by its title *(Additional penalties),* however, Section 6103(e) constitutes a legislative authorization for the enactment of regulations by DOT which impose the penalty of suspension of operating privileges in situations where the legislature has, in prior sections of the Code, provided for the initial imposition of some penalty other than suspension of one's operating privileges, vehicle registration and/or fleet inspection privilege. In Section 1785, the legislature has established the suspension of one's driver license as *the* penalty for failure to submit proof of financial responsibility at the time of a reportable motor vehicle accident. Therefore, licensee's argument concerning the effect of Section 6103(e) on the legislature's ability to enact a regulation such as that set forth in 67 Pa. Code §219.7 is rejected.[3]

---

[3] We note that Section 6103(a) of the Code provides:

(a) **General rule.**—In addition to the specific powers granted to the department by this title to promulgate rules and regulations, the department shall have the power in accordance with the provisions of the act of July 31, 1968 (P.L. 769, No. 240), referred to as the Commonwealth Documents Law, to promulgate, consistent with and in furtherance of this title, rules and regulations in accordance with which the department shall carry out its responsibilities and duties under this title.

Accordingly, the order of the trial court is affirmed.

ORDER

NOW, October 12, 1988, the order of the Court of Common Pleas of Chester County, dated March 2, 1987, at No. 86-07115, is affirmed.

This decision was reached prior to the resignation of Judge MACPHAIL.