# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Khalil Boswell,                           :
                    Petitioner   :
                                          :
          v.                              : No. 1691 C.D. 2016
                                          : Submitted: February 17, 2017
Pennsylvania Board of Probation and  :
Parole,                                   :
                    Respondent  :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: March 17, 2017


Richard C. Shiptoski (Counsel), Assistant Public Defender of Luzerne County, has filed this Petition for Leave to Withdraw as Counsel for Khalil Boswell (Boswell) in his petition for review of the Pennsylvania Board of Probation and Parole's (Board) determination involving Boswell's recommitment as a convicted parole violator (CPV) and the recalculation of his parole violation maximum date. Counsel requests permission to withdraw from further representation of Boswell because his petition for review is without merit. We deny Counsel's petition to withdraw for the reasons that follow.

## I.

On February 7, 2011, Boswell was paroled from the State Correctional Institution (SCI) at Forest with a maximum release date of July 25, 2013. On February 5, 2013, Boswell was arrested by the Philadelphia Police Department on new drug-related charges. That same day, the Board issued a detainer warrant. Boswell did not post bail and waived his right to counsel and waived a detention hearing before the Board. On March 26, 2013, Boswell's bail was changed to release on his own recognizance (ROR). Boswell remained incarcerated solely on the Board's warrant until he reached his maximum release date of July 25, 2013, at which time he was released from custody.

On March 14, 2014, Boswell was convicted of manufacture, delivery or possession with intent to manufacture or deliver a controlled substance (cocaine), possession of a controlled substance, and conspiracy. Because Boswell failed to report to the Board's office as instructed, the Board issued a warrant for his arrest. Boswell was arrested in Rhode Island and transported to SCI Graterford on January 31, 2015.

On February 11, 2015, Boswell waived his rights to counsel and a revocation hearing and admitted to the parole violation. By decision dated April 7, 2015, and mailed April 17, 2015, the Board recommitted Boswell as a CPV "TO SERVE 18 MONTHS BACKTIME, WHEN AVAILABLE, PENDING SENTENCING ON YOUR PHILADELPHIA COUNTY CONVICTIONS."[1]

---

[1] The Board's decision noted that Boswell's parole violation maximum date was subject to change pending sentencing on his outstanding criminal charges.

(Record (R.) at 76.) Boswell filed a *pro se* request for administrative relief which the Board dismissed as premature, reasoning that it had not yet made a decision as to what credit he would receive.

On February 1, 2016, Boswell was sentenced for the Philadelphia conviction to 1.5 to 3 years confinement followed by 4 years probation, with credit for time served. The Board then issued a Board Action with a mailing date of March 30, 2016, referring to its prior decision of April 7, 2015, to recommit Boswell as a CPV to serve 18 months backtime. The Board gave Boswell credit for 122 days backtime[2] and recalculated his parole violation maximum date as March 19, 2018.

Boswell, acting *pro se*, then filed an administrative appeal objecting to the Board's decision, arguing it "is without jurisdiction, an error of law, a violation of [Boswell]'s constitutional rights and was provided without explanation." (R. at 94.) He contended that the Board's decision to recommit him as a CPV to serve 18 months backtime exceeded the Board's established presumptive range for violations and exceeded the remaining balance of his 2008 sentence.[3] As a result, he argued that the Board lacked jurisdiction to issue a detainer after the expiration of his original maximum sentence as well as jurisdiction to recommit him as a

---

[2] Specifically, Boswell was given credit for his incarceration from March 26, 2013, to July 25, 2013, as well as February 5, 2013.

[3] Boswell asserts that the remaining balance on his 2008 sentence is 5 months and 23 days, as calculated from his date of arrest on February 5, 2013, until his parole violation maximum date of July 25, 2013.

CPV. Boswell also claimed that the Board failed to credit him with the time he was confined solely on the Board's warrant and the Board abused its discretion in failing to consider whether he should be credited with the time he spent at liberty on parole.

By letter mailed September 16, 2016, the Board affirmed its decision with respect to the recalculation of Boswell's parole violation maximum date, noting that he was given credit for the time he spent incarcerated solely on the Board's detainer and that he is not entitled to receive credit for the period he was at liberty on parole. *See* 61 Pa. C.S. § 6138(a)(2). The Board dismissed as untimely Boswell's challenge to his 18-month recommitment as a CPV because his administrative appeal was not filed within 30 days of the mailing date of the Board's April 7, 2015 decision, apparently not aware that he did appeal that determination but it was dismissed as premature.

Boswell, still acting *pro se*, then filed a petition for review raising the same substantive issues that he raised in his administrative appeal to the Board as well as arguing that the Board erred in dismissing a portion of his administrative appeal as untimely.

In November 2016, we appointed Counsel to represent Boswell in his appeal. Counsel now seeks to withdraw as counsel contending that after reviewing the record, the appeal is without merit. Along with his petition, Counsel filed a brief in support of his request to withdraw. Counsel sent Boswell a copy of his

4

petition and brief in support, as well as a letter advising Boswell of his right to retain new counsel or raise any points he might deem worthy of consideration.[4]

## II.

Before we reach the merits of Boswell's petition for review,[5] we must first inquire whether Counsel complied with the technical requirements governing the withdrawal of counsel appointed to represent petitioners seeking review of Board determinations. These requirements differ depending on whether a petitioner's right to counsel is constitutional in nature. Because appeals alleging that the Board erred by ordering an excessive amount of backtime or by improperly calculating a petitioner's maximum date do not implicate a constitutional right to counsel, *see Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (*en banc*), counsel need only comply with the requirements set forth in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

Pursuant to the standard enunciated in *Turner*:

counsel seeking to withdraw from representation of a petitioner seeking review of a determination of the Board must provide a "no-merit" letter which details the nature

---

[4] Boswell has not retained new counsel nor has he filed a *pro se* brief in support of his petition for review.

[5] Our scope of review is limited to determining whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

and extent of the attorney's review and lists each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.

*Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (internal quotation marks and citations omitted) (original alternations omitted). In addition, counsel must provide to the petitioner a copy of the "no-merit" letter, a copy of the petition to withdraw, and a statement advising the petitioner of his right to proceed *pro se* or via new counsel. *Id.* at 960. Once the Court is satisfied that all of the above requirements have been met, we will then make an independent evaluation of the proceedings before the Board to determine whether the petitioner's appeal is indeed without merit before we will allow counsel to withdraw. *Banks v. Pennsylvania Board of Probation and Parole*, 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003).

Here, although Counsel submitted an *Anders* brief[6] rather than a no-merit letter, Counsel has complied with all of the technical requirements. First, Counsel's petition to withdraw asserts that he notified Boswell of his request to withdraw, provided him with a copy of the petition and brief in support of withdrawal, and advised Boswell of his right to proceed *pro se* or through new counsel.

---

[6] This refers to the brief counsel must submit pursuant to *Anders v. California*, 386 U.S. 738 (1967), when a constitutional right to counsel is implicated. While a distinction is made among *Anders* briefs and no-merit letters, "[i]n recent years, this Court has shown little concern for whether it receives an *Anders* brief or a no-merit letter in a parole revocation matter." *Hughes*, 977 A.2d at 25.

6

Moreover, Counsel's petition and supporting documents explain that his conclusion is based upon review of the certified record and applicable case law and statutes, as well as a meeting with Boswell regarding his appeal. Counsel's brief discusses all of the issues Boswell intended to raise before this Court and analyzes the merits of these arguments, concluding they lack support in either law or fact. Because, at least on its face, the petition and brief set forth substantial reasons for concluding that Boswell's arguments are meritless, Counsel complied with the *Turner* standard. We will now conduct an independent review to determine whether the appeal is indeed meritless. *Zerby*, 964 A.2d at 962.

### III.

### A.

Boswell contends that he is entitled to credit for the time he spent at liberty on parole from February 7, 2011, until his arrest on February 5, 2013. Regarding receiving credit for street time, the Prisons and Parole Code provides:

**(a) Convicted violators.--**

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as

7

provided under paragraph (2.1), *shall be given no credit for the time at liberty on parole*.

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. § 6138(a) (emphasis added).

Under this provision, CPVs are not entitled to any credit for street-time unless the Board, in its discretion, decides to award credit for time at liberty on parole. Because the decision to credit the time a parolee spent at liberty on parole lies within the sound discretion of the Board, and because Boswell has presented no evidence to suggest that the Board abused its discretion in denying him credit, we affirm the Board's order in this regard.

## B.

Boswell claims that the Board did not have jurisdiction to detain him, take away his street time and recalculate his maximum date once his original date of July 25, 2013, had expired. While Boswell is correct that the Board detained

8

him and took away his street time after his maximum release date, Section 6138(a)(1) of the Prisons and Parole Code enables the Board, in its discretion, to recommit as a parole violator a parolee "released from a correctional facility who, during the period of parole . . . commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty . . . *at any time thereafter* in a court of record."  61 Pa. C.S. § 6138(a)(1) (emphasis added).  As our Supreme Court has noted, "[t]here is no doubt that the Board can recommit and recompute the sentence of a parolee who commits a crime while on parole but is not convicted until after his original sentence had expired."  *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979); *see also Holland v. Pennsylvania Board of Probation and Parole*, 640 A.2d 1386 (Pa. Cmwlth. 1994).  Boswell was arrested on new drug charges prior to the expiration of his original parole violation maximum date, giving the Board jurisdiction to recommit him and recompute his sentence.

## C.

We agree with Counsel's assertions regarding Boswell's argument that the Board failed to properly credit him with time served.  Time incarcerated shall be credited to a convicted parole violator's original term only when he remains incarcerated solely by reason of the Board's detainer.  *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980).  When bail is not posted, the time period during which a parolee is incarcerated on both new criminal charges and the Board's detainer must apply to the new sentence.  *Id.*  Credit will only be applied to a parolee's original sentence when it is

9

not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration exceeds the maximum term of the new sentence. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 355 (Pa. Cmwlth. 2007).

Here, when Boswell was initially paroled on February 7, 2011, he had 899 days remaining on his original sentence.[7] He was detained on new criminal charges and the Board's detainer on February 5, 2013. Boswell's bail was changed to ROR on March 26, 2013, and he remained incarcerated solely on the Board's warrant until he reached his original parole violation maximum date of July 25, 2013, at which time he was released, giving him a credit of 122 days backtime. Boswell was credited with all that backtime when the Board reduced his backtime from 899 days to 777 days. (R. at 81.)[8]

## D.

For the first time on appeal, Boswell argues that the Board's actions violate the constitutional principles of double jeopardy, due process and bills of attainder. Counsel is correct that these issues have been waived because they were

---

[7] The Board correctly calculated this as the time from the date Boswell was initially paroled until the expiration of his original parole violation maximum date of July 25, 2013. (R. at 81.) Moreover, Boswell admits in his petition for review that he had 899 days remaining on his original sentence when he was paroled on February 7, 2011. (Petition for Review ¶ 6.)

[8] Further, Boswell did not create an evidentiary record regarding the conditions of his confinement because he waived his right to a revocation hearing. *Fisher v. Pennsylvania Board of Probation and Parole*, 62 A.3d 1073, 1075-76 (Pa. Cmwlth. 2013) ("The waiver of the right to a hearing necessarily encompasses the right to advance claims of error he could have raised at the hearing.").

not raised before the Board. *Chesson v. Pennsylvania Board of Probation and Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012) ("The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal.").

**E.**

Finally, Boswell argues that the Board erred in dismissing as untimely his challenge to the Board's decision to recommit him as a CPV to serve 18 months backtime. Counsel admits there is merit to this argument and we agree given that Boswell timely appealed the April 7, 2015 order imposing the 18 months backtime, which the Board dismissed as premature. As Counsel notes, the Board erred in determining Boswell's challenge to this issue was untimely as both petitions for administrative review were timely filed and the Board itself refused to rule on Boswell's previous petition, claiming it was premature. Counsel contends that we should not remand to the Board to determine whether the 18 months backtime was within the presumptive range but, rather, make that decision ourselves, even though the Board has not addressed the issue. However, because Boswell's timely challenge to his recommitment as a CPV to serve 18 months backtime has yet to be heard, this matter must be remanded to the Board for consideration of the arguments Boswell raised with respect to this issue. *See Zerby*, 964 A.2d at 960 ("if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.") (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007)).

11

Accordingly, the Board's denial of Boswell's petition for administrative relief is affirmed except that portion which finds that Boswell did not timely appeal whether his recommitment as a CPV to serve 18 months backtime was within the presumptive range. Because there is merit to one of Boswell's arguments raised on appeal, Counsel's petition for leave to withdraw is denied. The matter is remanded to the Board for proceedings consistent with this opinion.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Khalil Boswell, : 
               Petitioner : 
                : 
        v. : No. 1691 C.D. 2016
                : 
Pennsylvania Board of Probation and : 
Parole, : 
            Respondent : 

**O R D E R**

AND NOW, this 17<u>th</u> day of <u>March</u>, 2017, it is hereby ordered that the determination of the Pennsylvania Board of Probation and Parole (Board) at Parole No. 652-FG, bearing a mailing date of September 16, 2016, is affirmed in part, vacated in part and this matter is remanded to the Board for further proceedings consistent with this opinion. Richard C. Shiptoski, Esq.'s application to withdraw as counsel is denied.

Jurisdiction relinquished.

_____
DAN PELLEGRINI, Senior Judge