# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Calvin Ludy,                                                   :
                    Petitioner                                 :
                                                               :
            v.                                                 :            No. 1219 C.D. 2018
                                                               :            SUBMITTED: February 22, 2019
Pennsylvania Board of Probation                                :
and Parole,                                                    :
                    Respondent                                 :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                        FILED: September 23, 2019

Calvin Ludy (Ludy) petitions for review of the Pennsylvania Board of Probation and Parole's (Board) August 6, 2018 ruling affirming its October 4, 2017 decision.[1] The Board recommitted Ludy as a convicted parole violator (CPV) to serve 36 months of backtime and recalculated his maximum parole violation date as March 6, 2026.

Ludy's appointed counsel, Richard C. Shiptoski, Esquire (Counsel), has submitted an Amended Petition for Leave to Withdraw as Counsel (Amended Petition to Withdraw). Counsel contends the arguments raised in the Petition for Review are frivolous and without merit.

---

[1] Ludy states in his Petition for Review that he is challenging the Board's October 4, 2017 decision; however, we construe the Petition for Review as challenging the Board's August 6, 2018 ruling that constitutes the final administrative determination in this matter.

After thorough consideration, we grant Counsel's Amended Petition to Withdraw and affirm the Board's August 6, 2018 ruling.

## I. Background

On August 30, 2005, Ludy was arrested in Venango County, Pennsylvania. He pleaded guilty in the Court of Common Pleas of Venango County (Trial Court) to two counts of possession with intent to deliver a controlled substance. On August 18, 2006, the Trial Court sentenced Ludy to an aggregate term of 4 to 11 years in state prison. The Board paroled Ludy on October 20, 2013. At that time, his maximum parole violation date was April 19, 2022.

On March 30, 2016, Ludy was arrested and charged with numerous drug trafficking offenses. The Board issued a detainer that same day. Ludy waived his right to a detention hearing before the Board, as well as his right to be represented by counsel at that hearing. The Board ordered him detained pending the result of his March 30, 2016 arrest. As Ludy was unable to make bail on these charges, he remained in the Venango County prison on both the new charges and the Board's detainer.

Ludy subsequently pled guilty in the Trial Court on May 6, 2017, to one count of possession of cocaine with intent to deliver and one count of criminal conspiracy. On July 10, 2017, Ludy was sentenced to an aggregate sentence of 45 to 108 months in state prison. Ludy again waived his right to a parole revocation hearing before the Board, as well as his right to be represented by Counsel at the hearing. He admitted to the veracity of his guilty plea and resultant sentence.

On October 4, 2017, the Board ordered Ludy to be recommitted to serve 36 months of backtime on his 2006 sentence as a CPV. The Board recalculated his maximum date as March 6, 2026.

2

Ludy alleges he mailed an Administrative Remedies Form to the Board on or about October 11, 2017, in which he argued that the Board had unlawfully extended the length of his judicially imposed sentence. This Administrative Remedies Form is not present in the Certified Record; however, Ludy attached the October 11 Form as an exhibit to the Petition for Review. Petition for Review, Ex. B at 1.

On October 31, 2017, Ludy submitted an Administrative Remedies Form in which he argued that the Board's imposed backtime was excessive and that, by law, he should not have received more than 18 to 24 months of backtime as a consequence of his 2017 convictions. In addition, Ludy argued he should have been deemed to have started serving the backtime imposed by the Board as of July 26, 2017, the date he returned to a state correctional institution, rather than on September 6, 2017, the date of his return to custody on the Board's order to recommit. Ludy also claimed he was a drug addict who was trying to turn his life around. He asked the Board to reconsider its initial decision in light of his professed acceptance of responsibility for his crimes and desire to recover from his addiction.[2]

---

[2] Since the October 11, 2017 Form was not in the Certified Record, or otherwise addressed by the Board, it created a question about whether the Board may have committed error by substantively addressing the issues presented in the later October 31, 2017 form rather than the October 11, 2017 Form. In light of our concerns regarding the absence from the Certified Record of the October 11, 2017 Administrative Remedies Form, we ordered the Board to conduct an internal review to determine whether the Board received Ludy's alleged October 11, 2017 submission. If it had, we directed the Board to supplement the Certified Record with all documentation not previously included. In addition, we directed Counsel to review the Board's submissions and file an Amended Petition for Leave to Withdraw as Counsel, with either a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) or a no-merit letter.

The Board subsequently submitted a statement that Ludy's alleged October 11, 2017 Administrative Remedies Form was not in the Board's possession and that all documentation pertaining to Ludy's administrative challenge was contained in the Certified Record. Counsel then submitted his Amended Petition to Withdraw and an amended *Anders* Brief. We are satisfied that the Board substantively addressed the correct Administrative Remedies Form. There is no actual, verifiable proof that Ludy ever sent his alleged October 11 Form to the Board. Therefore, we find that the Board properly considered his October 31 Form to be his first administrative appeal.

3

The Board responded on August 6, 2018, affirming its October 2017 decision. The Board stated the imposed backtime was within the presumptive range for Ludy's 2017 convictions and was not subject to challenge. Ludy timely filed his *pro se* Petition for Review in this Court.

This Court appointed the Luzerne County Public Defender's Office to represent Ludy. After entering his appearance in this matter, Counsel filed a Petition for Leave to Withdraw as Counsel, along with an *Anders* brief.[3]

In his Amended Petition to Withdraw, Counsel stated he reviewed the Certified Record, relevant case law, and statutes, and concluded Ludy's Petition for Review was without merit and frivolous. In his amended *Anders* Brief, Counsel provided a thorough discussion of the factual circumstances that gave rise to the Petition for Review and then addressed each of the issues raised by Ludy. Counsel also sent a copy of this amended *Anders* Brief to Ludy, thereby informing him that Counsel had found the arguments raised by Ludy to be devoid of merit and explaining the basis for this determination.

## II. Issues

In the Petition for Review, Ludy argues the Board improperly extended his judicially imposed 2006 sentence, thereby committing an error of law. He also contends the Board incorrectly declined to award him credit for time served at liberty on parole without providing an explanation for the decision not to do so.

---

[3] Pursuant to *Anders*, court-appointed counsel must file a supporting brief when seeking to withdraw from representation in certain circumstances. *See Com. v. Santiago*, 978 A.2d 349, 353-55 (Pa. 2009). An *Anders* Brief was unnecessary in this matter, as Ludy did not raise claims that implicated his constitutional right to counsel. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40 (Pa. Cmwlth. 2010). Rather, a no-merit letter would have been more appropriate. However, as discussed below, Counsel's *Anders* brief adequately addresses the issues necessary to support his withdrawal request.

Regarding the two arguments asserted in the Petition for Review, Counsel observes in his *Anders* Brief that Ludy did not raise those arguments at the administrative level before the Board. Therefore, Counsel concludes both issues are waived for purposes of appellate review. In any event, Counsel concludes Ludy's argument that the Board improperly extended his sentence is without merit, as the Board is permitted by statute to impose backtime and recalculate a parole violator's maximum date. Ludy's argument that he should have credit for his street time similarly fails, because the Board provided a sufficient explanation in its October 4, 2017, decision for its denial of street time credit to Ludy.

Counsel points out that Ludy did not mention in the Petition for Review his previously raised arguments that the backtime imposed by the Board was excessive and that the Board had improperly calculated the date on which Ludy started to serve his backtime. Counsel then addresses each of these arguments on their merits.[4] Counsel notes the presumptive range for backtime imposed as a result of the crimes for which Ludy pleaded guilty on May 6, 2017, is between 18 and 48 months. The Board's imposition of 36 months of backtime falls squarely within this range and is therefore outside the scope of judicial review. Moreover, Counsel explains that Ludy's parole hearing revocation report was not signed by the requisite number of panel members until September 6, 2017. Accordingly, the Board correctly concluded that was the date on which Ludy began to serve his backtime.

---

[4] This was the appropriate course of action, as "the omission of an issue from the statement [of objections in a petition for review] shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record." Pa. R.A.P. 1513(d)(5).

## III. Discussion

## A. Amended Application to Withdraw

Before addressing the validity of Lludy's substantive arguments, we must assess the adequacy of Counsel's amended *Anders* Brief. Throughout this process, Ludy has raised no constitutional issues. He has simply challenged the Board's recalculation of his maximum date, its imposition of backtime, and its failure to credit him for time served at liberty on parole. Thus, Counsel was only required to file a no-merit letter. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40 (Pa. Cmwlth. 2010).

"Where an *Anders* brief is filed when a no-merit letter would suffice, the *Anders* brief must at least contain the same information that is required to be included in a no-merit letter." *Id.* at 42-43. "A no-merit letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Id.* at 43 (quoting *Com. v. Turner*, 544 A.2d 927, 928 (Pa. 1988)) (brackets omitted). As long as a no-merit letter satisfies these basic requirements, we will then review the soundness of a petitioner's request for relief. *Zerby v. Shanon*, 964 A.2d 956 (Pa. Cmwlth. 2009).

Counsel's amended *Anders* Brief satisfies these technical requirements. It contains a recitation of the relevant factual and procedural history, discussions of each argument raised by Ludy, and a thorough explanation, backed by case and statutory law, regarding Counsel's conclusion that none of these arguments afford Ludy a valid basis for relief. Further, Counsel has appropriately provided Ludy with copies of these documents and informed Ludy about Counsel's intentions.

6

Consequently, we will proceed to an independent examination of the Petition for Review, in order to determine whether any of Ludy's claims are meritorious.[5]

## B. Sentence Calculation Issues

## 1. Arguments Pleaded in Petition for Review

We agree with Counsel that Ludy has waived the two arguments raised in his Petition for Review pertaining to the Board's extension of his judicially imposed sentence and refusal to award credit for street time. Ludy failed to raise either claim in his October 31, 2017, Administrative Remedies Form.[6] "The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal." *Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012).

Moreover, we agree with Counsel that even if not waived, these arguments would have no merit. When a parolee violates the terms and conditions of his parole, the Board may recommit him to serve as backtime all or part of the remainder of his sentence. *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496 (Pa. Cmwlth. 2012). In imposing backtime, the Board is not altering a judicially imposed sentence; it is simply requiring the parolee to serve some or all of the time remaining on the original sentence. *Id.*; *Berrios v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 905 C.D. 2016,

---

[5] Under Section 704 of the Administrative Agency Law, our standard of review in this matter is limited to determining whether the Board violated Ludy's constitutional rights, committed an error of law, or made findings of fact that were not supported by substantial evidence. 2 Pa. C.S. § 704.

[6] As explained above, Ludy claims he did argue in his alleged October 11, 2017, Administrative Remedies Form that the Board improperly enlarged his judicially imposed sentence. However, we reiterate that there is no evidence of record establishing that this Form was ever sent to and received by the Board.

7

filed November 30, 2017), 2017 Pa. Commw. Unpub. LEXIS 882 (unreported). So long as it is not adding to the total length of the sentence, the Board is authorized to recalculate the prisoner's maximum sentence date to reflect the imposition of backtime. *Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117 (Pa. Cmwlth. 2018).

In recalculating the maximum sentence date, the Board has discretion to deny credit for time spent at liberty on parole, provided it states its reasons for the denial. 61 Pa. C.S. § 6138(a)(2.1); *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466 (Pa. 2017). Here, the Board indicated it denied credit for time spent at liberty on parole because of "Poor Supervision History." Certified Record at 82. Although the Board need not provide an extensive statement, those three words standing alone might be insufficient to explain the Board's reasoning. However, the record contains additional explanatory support, including a Supervision History listing 29 separate sanctions imposed during parole. *Id.* at 35. Ludy's conduct leading to those sanctions included multiple positive drug tests, failure to maintain employment and report loss of employment, failure to comply with fee payment schedules, leaving the district without permission, maintaining ties with criminal acquaintances, curfew violations, and continued parole violations despite progressive sanctions. *Id.* at 34. The Board's hearing report of August 2017 recommended against sentence credit for time on parole, stating reasons including "continued criminal behavior while on parole" and "chronic supervision failure." *Id.* at 53, 58. Thus, the record supports the Board's stated reason for denying sentence credit for time on parole.

**2. Arguments Allegedly Raised before the Board**

Ludy contends that his backtime was excessive and calculated from an incorrect starting date. Counsel notes that Ludy did not raise these arguments in the

Petition for Review, and then correctly determined those arguments were both waived and without merit.

First, "as long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment." *Smith v. Pa. Bd. of Prob. & Parole*, 574 A.2d 558, 560 (Pa. 1990). As noted above, Ludy pleaded guilty to possession of cocaine with intent to manufacture or deliver, a felony which carried a statutory maximum sentence of 10 years. *See* Sections 104(2) and 113(a)(30), (f)(1.1) of The Controlled Substance, Drug, Device and Cosmetic Act (Controlled Substance Act),[7] 35 P.S. §§ 780-104(2), 780-113(a)(30), (f)(1.1). In addition, Ludy pleaded guilty to a related charge of criminal conspiracy, also a felony. In aggregate, these convictions have a presumptive sentence range of 18 to 48 months. 37 Pa. Code §75.2.[8] The 36 months of backtime imposed by the Board upon Ludy is within this range and thus beyond the scope of judicial review.[9]

Second, "[p]arole revocation occurs once a hearing examiner and Board member or two Board members sign a hearing report recommitting a prisoner[.]"

___

[7] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780-104(2), 780-113(a)(30), (f)(1.1).

[8] The Board, in its discretion, may recommit a parole violator to serve backtime based on each individual crime for which a violator was convicted while on parole. *See, e.g.*, *Perry v. Pa. Bd. of Prob. & Parole*, 485 A.2d 1231, 1232 (Pa. Cmwlth. 1984). Consequently, a parole violator's overall presumptive backtime maximum is calculated by aggregating the maximums for all of the crimes for which the violator was convicted. *Corley v. Pa. Bd. of Prob. & Parole*, 478 A.2d 146, 149 (Pa. Cmwlth. 1984).

[9] We also note that the amount of backtime imposed upon Ludy by the Board, 36 months (1,095 days), is far less than the 3,103 days left on Ludy's 2006 sentence. *See Davenport v. Pa. Bd. of Prob. & Parole,* 656 A.2d 581, 584 (Pa. Cmwlth. 1995) ("The backtime imposed by the Board cannot be more than the entire remaining balance of the unexpired term which [a parole violator] would have been compelled to serve if he had not been paroled.").

*Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 392 (Pa. Cmwlth. 2019). It logically follows that a parolee cannot begin to serve any backtime until he has formally been deemed by the Board to be a parole violator. In this instance, the Board's August 3, 2017 hearing report was not signed by the required second individual until September 6, 2017, making that the date on which Ludy could begin to serve the backtime imposed by the Board through its October 4, 2017 decision.

### IV. Conclusion

Because Counsel's amended *Anders* Brief is technically sufficient and Ludy failed to preserve or raise any meritorious issues, we grant Counsel's Amended Petition to Withdraw and affirm the Board's August 6, 2018, ruling.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Calvin Ludy,                            :
                    Petitioner          :
                                        :
        v.                              :        No. 1219 C.D. 2018
                                        :
Pennsylvania Board of Probation         :
and Parole,                             :
                    Respondent          :

## **O R D E R**

AND NOW, this 23rd day of September, 2019, Richard C. Shiptoski, Esquire's Amended Petition for Leave to Withdraw as Counsel is GRANTED, and the Pennsylvania Board of Probation and Parole's August 6, 2018 order is AFFIRMED.

_____
ELLEN CEISLER, Judge