IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luqman Garvin,                            :
                        Petitioner      :
                                          :
            v.                            :   No. 465 C.D. 2017
                                          :   Submitted:  February 16, 2018
Pennsylvania Board of Probation and       :
Parole,                                   :
                        Respondent  :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                       FILED: March 13, 2018


        Luqman Garvin (Garvin) petitions *pro se* for review of the decision of
the Pennsylvania Board of Probation and Parole (Board) denying his request for
administrative relief from the Board's order recommitting him as a convicted
parole violator (CPV) to serve 18 months backtime and recalculating his maximum
release date from September 21, 2015, to November 14, 2017.  We affirm.


        Garvin is an inmate currently incarcerated at the State Correctional
Institution (SCI) at Waymart.  Following Garvin's plea of guilty to possession with
intent to deliver a controlled substance, he was sentenced to 18 to 48 months
incarceration with a minimum release date of November 5, 2012, and a maximum

release date of September 21, 2015. By decision dated December 16, 2013, the Board granted Garvin parole on his original sentence, noting that his maximum release date remained September 21, 2015. Garvin was released from the SCI to an approved home plan in Philadelphia on February 3, 2014.

In August 2014, Garvin was arrested by the Philadelphia Police and charged with burglary, criminal trespass, defiant trespass and criminal mischief after allegedly breaking into an abandoned residence. On August 26, 2014, the Board lodged its detainer against him. Bail was set at $5,000, which Garvin was unable to post. Garvin waived his right to a detention hearing and to counsel, and the Board voted to detain him pending resolution of the new criminal charges. On November 5, 2014, after being incarcerated for 71 days, Garvin was acquitted of the new criminal charges and released back onto parole.

On June 19, 2015, while still on parole, Garvin was again arrested by the Philadelphia Police for new criminal charges of possession with intent to deliver a controlled substance, possession of a controlled substance and conspiracy. The Board lodged a detainer against him on June 24, 2015. Bail was initially set at $50,000 and then lowered to $35,000, which Garvin was unable to post. Garvin again waived his right to a detention hearing and to counsel, and the Board voted to detain him pending disposition of the new drug charges.

On December 4, 2015, Garvin was convicted of the new charges and sentencing was set for a later date. Subsequently, the Board lodged a new detainer and noted on the warrant:

2

> Although offender's maximum sentence was 9/21/2015, the maximum sentence is being extended due to a new conviction. The new maximum sentence will be computed upon recording of the Board's final action.

(Certified Record at 66.) Garvin waived his right to a revocation hearing and to counsel, and admitted that he violated his parole by committing these new drug charges on June 19, 2015. The Board recommitted Garvin as a CPV to serve 18 months backtime when available subsequent to his sentencing.

On June 9, 2016, Garvin was sentenced to one to two years incarceration on the new drug charges, to be followed by two years probation. The Board subsequently recalculated Garvin's maximum release date from September 21, 2015, to November 14, 2017.

Garvin filed a *pro se* petition for administrative review challenging the Board's authority to change his maximum release date and how the date was recalculated. The Board affirmed the recalculation of his maximum date as November 14, 2017, and Garvin then filed this petition for review.[1]

---

[1] Our scope of review is limited to determining whether the Board's decision is supported by substantial evidence, whether an error of law was committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

The only issue Garvin raises in his petition is that the Board lacked jurisdiction to detain him and recalculate his maximum date once his original maximum date had expired.[2]

While the Board detained him and recommitted him *after* the expiration of his original maximum date on September 21, 2015, Section 6138(a) of the Prisons and Parole Code specifically enables the Board, in its discretion, to recommit as a parole violator a parolee "released from a correctional facility who, during the period of parole . . . commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty . . . *at any time thereafter* in a court of record." 61 Pa. C.S. § 6138(a)(1). (Emphasis added). As our Supreme Court has noted, "[t]here is no doubt that the Board can recommit and recompute the sentence of a parolee who commits a crime while on parole but is not convicted until after his original sentence had expired." *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979); *see also Holland v. Pennsylvania Board of Probation and Parole*, 640 A.2d 1386 (Pa. Cmwlth. 1994). Here, Garvin was arrested on new drug charges on June 19, 2015, prior to the expiration of his original maximum date of September 21, 2015, giving the Board jurisdiction to recommit him and recalculate his sentence.

---

[2] Notably, Garvin failed to raise this or any other issue before the Board as he waived his right to a revocation hearing.

Moreover, we discern no error in the Board's recalculation. When Garvin was initially paroled on February 3, 2014, his maximum release date was September 21, 2015, meaning he still owed 595 days toward his original sentence. In recalculating his maximum date, the Board gave Garvin credit for the 71 days he was incarcerated on the Board warrant (from August 26, 2014, to November 5, 2014), and credited him one day of backtime (June 24, 2015, to June 25, 2015). Garvin was not given credit for time spent at liberty on parole because he was a convicted parole violator. *See* 61 Pa. C.S. § 6138(a)(2).[3] Adding 523 days (595

---

[3] Section 6138(a) of the Prisons and Parole Code provides, in pertinent part, as follows:

**(a) Convicted violators.**--

\* \* \*

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. § 6138(a).

days remaining – 71 days confinement – one day backtime = 523 days remaining) to June 9, 2016, the date Garvin was sentenced on his new drug offenses and became eligible to serve backtime, results in a new parole violation maximum date of November 14, 2017.

Accordingly, the determination of the Board is affirmed.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luqman Garvin,                          :
                    Petitioner         :
                                       :
          v.                           :   No. 465 C.D. 2017
                                       :
Pennsylvania Board of Probation and    :
Parole,                                :
                    Respondent         :


# **O R D E R**


AND NOW, this 13<u>th</u> day of <u>March</u>, 2018, the determination of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.


_____
DAN PELLEGRINI, Senior Judge