# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zachary T. Evans, : 
        Petitioner : 
         : 
     v. : No. 618 C.D. 2018
         : SUBMITTED: March 8, 2019
Pennsylvania Board of : 
Probation and Parole, : 
        Respondent : 

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                               FILED: May 15, 2019

Zachary Evans (Petitioner) petitions for review of the Pennsylvania Board of

Probation and Parole's (Board) March 14, 2018, Order affirming its October 3, 2017,

decision recommitting Petitioner as a convicted parole violator (CPV) to serve 36

months of backtime and recalculating his maximum parole violation date as

September 21, 2023. In response to this Petition for Review, Petitioner's appointed

counsel, Kent D. Watkins, Esquire (Counsel), submitted an amended Application to

Withdraw as Counsel (Amended Application) and a revised no-merit letter,[1]

---

[1]     Such letters are referred to by various names by courts of this Commonwealth. *See, e.g., Commonwealth v. Porter*, [. . .] 728 A.2d 890, 893 & n.2 ([Pa.] 1999) (referring to such a letter as a "'no merit' letter" and noting that such a letter is also commonly referred to as a "*Finley* letter," referring to the Superior Court case *Commonwealth v. Finley*,[. . .] 479 A.2d 568 ([Pa. Super.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("*Turner*

concluding that the arguments raised in the Petition for Review are frivolous and without merit. After thorough consideration, we grant Counsel's Amended Application and, in addition, affirm the Board's March 14, 2018, Order.

The relevant facts are as follows: On November 18, 2003, Petitioner pled guilty in the Court of Common Pleas of Lancaster County to Robbery, Criminal Conspiracy to Commit Robbery, Aggravated Assault, and Criminal Conspiracy to Commit Aggravated Assault. Certified Record (C.R.) at 1-6. Petitioner received an aggregate carceral sentence of 10 to 20 years in state prison. *Id.* Petitioner was then paroled on December 20, 2012, at which point his maximum date was February 9, 2022.[2] *Id.* at 8-13.

On May 31, 2014, Petitioner absconded from an inpatient drug treatment center, where the Board had ordered he reside due to his drug use after being paroled. *Id.* at 20-21. Consequently, the Board declared Petitioner delinquent on June 4, 2014. *Id.* at 22. Petitioner was then arrested in Harrisburg on October 14, 2014, and charged with Unlawful Possession of a Controlled Substance and Possession of Drug Paraphernalia, prompting the Board to issue a detainer that same day. *Id.* at 26-32. Petitioner waived his right to a hearing, as well as to counsel, and, on November 17, 2014, Petitioner was recommitted by the Board to serve 6 months of backtime as a technical parole violator (TPV). *Id.* at 33-53. In addition, the Board extended Petitioner's maximum date to June 25, 2022, in order to account for the amount of

letter") [(referring to the Pennsylvania Supreme Court case *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988))]; *Commonwealth v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. 2007) ("*Turner/Finley* letter"). In this opinion, we shall refer to such letters as no-merit letters.

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

[2] Petitioner received credit for time served between the date upon which he was arrested on these charges and the date he was subsequently sentenced.

2

time that had elapsed between his flight from the drug treatment center and his ensuing arrest. *Id.* at 54-55.

Petitioner pled guilty in a Harrisburg Magisterial District Court on November 17, 2014, to two counts of Unlawful Possession of a Controlled Substance and one count of Use or Possession with Intent to Use Drug Paraphernalia, and was fined as a result. *Id.* at 56-58, 63. Petitioner was then transferred to Board custody. *Id.* at 59. Despite his guilty plea, the Board declined to impose any additional sanctions upon Petitioner and paroled him on April 15, 2015. *Id.* at 65-71.

On or about November 11, 2015,[3] Petitioner was arrested in Reading, Pennsylvania, and charged with one count each of Possession of Methamphetamine with Intent to Manufacture or Deliver, Unlawful Possession of a Controlled Substance, and Resisting Arrest. *Id.* at 90, 96, 102-05. The Board then unsuccessfully attempted to contact Petitioner on November 13, 2015, prompting the Board to declare him delinquent on November 19, 2015. *Id.* at 72, 90, 96. Petitioner was arrested again in Reading on March 29, 2016, and charged with two counts of Possession of Cocaine with Intent to Manufacture or Deliver and one count of Unlawful Possession of a Controlled Substance. *Id.* at 106-10. Again, the Board was unable to locate him until September 17, 2016, when police in Newark, New Jersey, notified the Board that Petitioner was undergoing surgery at Newark Beth Israel Hospital for a gunshot wound he had recently sustained in Reading. *Id.* at 97, 121.[4] The Board issued a warrant for Petitioner's arrest that same day, which was quickly executed by the Newark Police Department. Petitioner was thereafter

---

[3] There is conflicting evidence in the Certified Record as to whether this arrest happened on November 11, 2015, or November 12, 2015.

[4] The record does not indicate why Petitioner was released from custody after these two arrests.

transferred to the Board's custody after being discharged from the hospital. *Id.* at 79, 87, 97.

Petitioner waived his right to a parole revocation hearing and to counsel on October 19, 2016, and admitted to having committed technical parole violations (*i.e.*, failure to report and leaving the district without authorization). *Id.* at 88-91. On November 18, 2016, the Court of Common Pleas of Berks County set Petitioner's bail at $20,000, unsecured, but thereafter modified this on December 9, 2016, to $5,000 cash bail. *Id.* at 133, 135-36. Petitioner was unable to pay the required cash bail and was consequently held in Berks County Prison from December 9, 2016, onwards as he awaited trial. *Id.* On December 21, 2016, the Board ordered Petitioner to be detained pending disposition of the charges arising from his March 2016 arrest. *Id.* at 124. On February 13, 2017, the Board determined that Petitioner should serve nine months of backtime as a TPV, due to the aforementioned, undisputed technical violations, recalculating his maximum date as April 24, 2023, and stating that Petitioner would be automatically reparoled on June 17, 2017, "PENDING RESOLUTION OF OUTSTANDING CRIMINAL CHARGES." *Id.* at 125-27.

On May 8, 2017, Petitioner pled guilty in the Court of Common Pleas of Berks County to two counts of Possession with Intent to Manufacture or Deliver, one count of Unlawful Possession of a Controlled Substance, and one count of Resisting Arrest. *Id.* at 134, 145-46. Petitioner received an aggregate carceral sentence of 36 to 72 months, with a credit of 151 days for time served. *Id.* After this latest conviction, Petitioner again waived his right to a parole revocation hearing, as well as to counsel, and admitted to the Board that he had pled guilty to these crimes. *Id.* at 162-65. On October 3, 2017, the Board elected to modify its February 13, 2017, action by eliminating the automatic reparole provision and ordering Petitioner to

4

serve 36 months of backtime as a CPV,[5] explaining that it was doing so not only in response to Petitioner's convictions, but also because of his repeated and manifest refusals to comply with his parole requirements. *Id.* at 178. In addition, the Board recalculated his maximum date as September 21, 2023, which reflected credit for the period between September 17, 2016, and December 9, 2016, during which Petitioner was held solely upon the Board's warrant. *Id.* at 178, 180.

On October 24, 2017, Petitioner mailed an Administrative Remedies Form to the Board. *Id.* at 185-87. Therein, Petitioner stated

> I WOULD LIKE CALCULATIONS OF MY TIME AND I WOULD ALSO WANT TO KNOW HOW DO I OWE 36 MONTHS BACK TIME [sic] IF I WAS NOT EVEN ON THE STREET'S [sic] THAT LONG. I THINK THAT YOUR [sic] TAKEN [sic] TIME FROM WHEN I WAS IN JAIL AND HALFWAY HOUSE, AND CAN YOU PLEASE EXPLAIN IS [sic] THIS HIT RUNNING WITH NEW CASE [?]
>
> I HAVE A [sic] 3 TO 6 YEAR'S [sic] ON THE NEW CASE AND I WOULD LIKE TO KNOW IS THAT PAROLE HIT RUNNING WITH THE NEW CASE AND I ALSO THINK YOU WENT WAY OVER YOUR JURISDICTION. NEED A LAWYER AS WELL. I THINK THAT WAS NOT FAIR.

*Id.* at 185.

The Board responded on March 14, 2018, informing Petitioner that it was affirming its October 3, 2017, decision imposing backtime and recalculating Petitioner's maximum date. Interpreting Petitioner's statement to have "raise[d] questions regarding the amount of time [he owed] and the relationship as to the nature of [his] new conviction with [his] or[i]ginal sentence[,]" the Board explained that the imposed CPV backtime was "not eligible for administrative review," as 36

---

[5] This amount of CPV backtime was to be served concurrently with the nine months he had been previously ordered to serve as a TPV. *See* C.R. at 178.

months was within the presumptive aggregate sentence range for the crimes to which he had pled guilty on May 8, 2017. *Id.* at 188. In addition, the Board provided a detailed explanation regarding how it had calculated Petitioner's maximum date, concluding that it had not erred in setting this date as September 21, 2023. *Id.* at 188-89.

Petitioner then filed his *pro se* Petition for Review with our Court on April 3, 2018. Therein, Petitioner argued that the Board had erred by admitting an unspecified document "constituting hearsay evidence" at an unspecified point in time "over [his] objection and without an adequate good finding of good cause to admit said document." Petition for Review at 1-2. In addition, Petitioner claimed that the Board did not properly credit him for an unspecified time period during which he had been detained solely due to the Board's detainer. *Id.* at 2.

On May 3, 2018, we appointed the Public Defender of Schuylkill County to represent Petitioner. Counsel subsequently entered his appearance on May 8, 2018, and then filed an Application to Withdraw as Counsel (Application to Withdraw), along with a no-merit letter, on July 31, 2018.[6] In his Application to Withdraw, Counsel stated he had reviewed the Certified Record and had concluded "there are no grounds for appeal and the appeal is frivolous[.]" Application to Withdraw at 3. In his no-merit letter, Counsel first provided a thorough recapitulation of Petitioner's criminal record and the resultant Board actions, after which he concurred with the Board's conclusions that it had correctly calculated Petitioner's maximum date and that the imposed CPV backtime was not reviewable. *See Turner* Letter at 1-10. Counsel also advised Petitioner, in writing, that he believed Petitioner's arguments

---

[6] In a no-merit letter, appointed counsel seeks to withdraw from representation because "the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

6

to be without merit and directed Petitioner to retain another attorney, or file a *pro se* brief with our Court, in the event Petitioner disagreed with Counsel's conclusions. *Id.* at 10-11.

On January 16, 2019, we denied Counsel's Application to Withdraw without prejudice, due to its technical inadequacies. *Evans v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 618 C.D. 2018, filed Jan. 16, 2019), slip op. at 7-8, 2019 WL 208528, at *4. As a result, we ordered Counsel to "file either a proper no-merit letter or an advocate's brief within 45 days." *Id.*, slip op. at 8, 2019 WL 208528, at *4.

Counsel complied with our directive by choosing the former option and filing his Amended Application, along with a revised no-merit letter, on February 9, 2019. As in his original Application to Withdraw, Counsel states he had reviewed the Certified Record and has concluded "there are no grounds for appeal and the appeal is frivolous[.]" Amended Application at 3. In his revised no-merit letter, Counsel summarizes the relevant facts and procedural history, before opining that Petitioner has raised three claims: first, the Board admitted unspecified hearsay evidence at an unspecified point in time, without good cause, over Petitioner's objection; second, the Board did not properly credit him for time served solely on its detainer; and third, the Board erred by giving him 36 months of backtime. Amended Application, Ex. A at 9-11.

Counsel then goes on to address each of these issues. First, regarding the hearsay argument, Counsel points out that

> Petitioner does not reference the evidence that was admitted over objection or the date of the hearing. The [C]ertified [R]ecord reflects [that] [P]etitioner was not present at a parole revocation hearing scheduled for July 26, 2017 and waived his hearing and representation of counsel. (Certified Record, p. 154-162) This resulted in

7

> the [B]oard action of October 3, 2017 which the
> [P]etitioner appealed. (Certified Record, p. 178-179)

*Id*. at 9-10. Next, Counsel notes that Petitioner received credit towards his backtime for the full time period (*i.e.*, 83 days) during which he was detained exclusively on the Board's warrant, and that the 151 days he was held by virtue of both the Board's warrant and his failure to make bail were credited towards the aggregate sentence he received due to his May 8, 2017, guilty plea. *Id.* at 6-11. Counsel concludes that the Board gave Petitioner the proper amount of backtime credit and, in addition, correctly calculated Petitioner's new maximum date as September 21, 2023. *Id.* at 4-11. Finally, Counsel states that the amount of backtime imposed by the Board is not reviewable by our Court, since it falls within the presumptive backtime range for Petitioner's Possession with Intent to Deliver convictions. *Id.* at 11.

Counsel also sent a copy of this no-merit letter to Petitioner, informing him that Counsel had found the Petition to be without merit, explaining the reasons for this determination, and directing Petitioner to retain another attorney or file a *pro se* brief with our Court, in the event that Petitioner disagreed with Counsel's conclusion. *Id.* at 12.

Before addressing the validity of Petitioner's substantive arguments, we must assess the adequacy of Counsel's no-merit letter. Since Petitioner, throughout this process, has only sought to challenge the Board's calculation of his maximum date, the length of backtime it imposed, and its handling of evidentiary matters, Counsel appropriately elected to file a no-merit letter. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010).[7] "A no-merit letter must include

---

[7] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), court-appointed counsel must file what is known as an *Anders* brief when seeking to withdraw from representation in certain circumstances. *See Com. v. Santiago*, 978 A.2d 349, 353-55 (Pa. 2009). However,

an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Id.* at 43 (quoting *Turner*, 544 A.2d at 928) (brackets omitted). As long as a no-merit letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. *Zerby*, 964 A.2d at 960. However, in the event the letter fails on technical grounds, we must deny an appointed counsel's request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct appointed counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id.*

We find that Counsel's no-merit letter satisfies these technical requirements. As noted above, Petitioner's no-merit letter contains a recitation of the relevant factual and procedural history, discussions of each argument raised by Petitioner, and a thorough explanation, backed by administrative regulations, as well as case and statutory law, regarding Counsel's conclusion that none of these arguments

---

> [w]here no constitutional right to counsel is involved, an attorney seeking to withdraw from representation in a probation and parole case need only file a no-merit letter, as opposed to an *Anders* brief. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009). A constitutional right to counsel arises when the petitioner presents a:
>
>> colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.
>
> *Id.* at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)).

*Seilhamer*, 996 A.2d at 43 n.4.

afford Petitioner a valid basis for relief. Furthermore, Counsel has appropriately provided Petitioner with copies of these documents, informed Petitioner about Counsel's intentions, and advised Petitioner of his right to retain another attorney or to represent himself *pro se* in this matter. Consequently, we will proceed to an independent review of the Petition for Review, in order to determine whether any of Petitioner's claims are meritorious.[8]

First, we find that Petitioner has waived his hearsay evidence argument, due to his failure to raise that issue before the Board. Pa. R.A.P. 1551(a); *Dear v. Pa. Bd. of Prob. & Parole*, 686 A.2d 423, 426 (Pa. Cmwlth. 1996). Furthermore, it is entirely unclear what Petitioner bases this argument upon, given that he makes no reference whatsoever to a specific offending document and, in addition, waived his right to a parole revocation hearing, as well as counsel, and admitted to the accuracy and validity of his May 8, 2017, guilty plea.

Next, we agree with Counsel that the Board properly credited Petitioner for the time period during which he was held solely on the Board's warrant and, thus, correctly calculated Petitioner's maximum date.

> [I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

---

[8] Our standard of review in this matter is limited to determining whether the Board violated Petitioner's constitutional rights, committed an error of law, or made findings of fact that were not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

*Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). Here, the Board declared Petitioner delinquent on November 19, 2015, shortly after he was arrested on drug-related charges in Reading, at which point his maximum date was June 25, 2022. C.R. at 54-55, 72, 90, 96. The time period between these two dates is 2,410 days. The Board learned on September 17, 2016, that Petitioner was in Newark, New Jersey, and issued a warrant for his arrest, causing Petitioner to be arrested by Newark Police that same day. *Id.* at 79, 87, 97. Petitioner was then held solely on the Board's warrant between that date and December 9, 2016, when he was unable to make the cash bail set by the Court of Common Pleas of Berks County. *Id.* at 133, 135-36. The time period between those two dates is 83 days. Petitioner subsequently became available to serve backtime imposed by the Board on May 8, 2017, the date upon which he pled guilty in the Court of Common Pleas of Berks County to two felony counts of Possession with Intent to Deliver, one misdemeanor count of Unlawful Possession of a Controlled Substance, and one misdemeanor count of Resisting Arrest. *Id.* at 134, 145-46.[9] Subtracting 83 from 2,410 leaves 2,327 days remaining on Petitioner's November 18, 2003, sentence. Adding 2,327 days to May 8, 2017, results in a maximum date of September 21, 2023, which was precisely the Board's conclusion. Therefore, the Board did not err in calculating either the credit owed to Petitioner for the amount of time he was held solely on the Board's warrant, or his maximum date.

---

[9] Since Petitioner's May 8, 2017, guilty plea resulted in a carceral sentence of more than 24 months, this new sentence was to be served in a state correctional institution. 42 Pa. C.S. § 9762(a). Consequently, he had to complete the backtime imposed by the Board before starting his new sentence. *See* 61 Pa. C.S. § 6138(a)(5).

Finally, we agree with Counsel that we are without jurisdiction to consider the propriety of the backtime imposed by the Board.[10] "As long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment." *Smith v. Pa. Bd. of Prob. & Parole*, 574 A.2d 558, 560 (Pa. 1990). As noted above, Petitioner pled guilty to 2 counts of felony Possession with Intent to Manufacture or Deliver, each of which carried a statutory maximum sentence of 15 years. *See* Sections 104(2) and 113(a)(30), (f)(1) of the Controlled Substance, Drug, Device and Cosmetic Act (Controlled Substance Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-104(2), 35 P.S. § 780-113(a)(30), (f)(1). In addition, Petitioner pled guilty to one count of misdemeanor Unlawful Possession of a Controlled Substance, which carried a statutory maximum sentence of one year, *see* Section 113(a)(16), (b) of the Controlled Substance Act, 35 § 780-113(a)(16), (b), and one count of misdemeanor Resisting Arrest. In aggregate, these 4 convictions have a presumptive range of between 24 and 90 months. 37 Pa. Code § 75.2.[11]

---

[10] Petitioner did not raise this argument in his Petition for Review. However, per our Rules of Appellate Procedure, "the omission of an issue from the [petition for review's general] statement [of the objections to the order or other determination] shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record." Pa. R.A.P. 1513(a)(5).

[11] The Board, in its discretion, may recommit a parole violator to serve backtime based upon each, individual crime for which a violator was convicted while on parole. *See, e.g.*, *Perry v. Pa. Bd. of Prob. & Parole*, 485 A.2d 1231, 1232 (Pa. Cmwlth. 1984). Consequently, a parole violator's overall presumptive backtime maximum is calculated by aggregating the maximums for each of the crimes for which the violator was convicted. *Corley v. Pa. Bd. of Prob. & Parole*, 478 A.2d 146, 149 (Pa. Cmwlth. 1984).

Therefore, the 36 months of backtime imposed by the Board upon Petitioner is clearly within this range and, thus, beyond our powers of judicial review.[12]

In conclusion, as Counsel's no-merit letter is technically sufficient, and Petitioner failed to preserve or raise any meritorious issues, we grant Counsel's Amended Application and affirm the Board's March 14, 2018, Order.

_____
ELLEN CEISLER, Judge

---

[12] We also note that the amount of backtime imposed upon Petitioner by the Board, 36 months (*i.e.*, 1,095 days), is far less than the 2,327 days left on Petitioner's 2003 sentence. *See Davenport v. Pa. Bd. of Prob. & Parole,* 656 A.2d 581, 584 (Pa. Cmwlth. 1995) ("The backtime imposed by the Board cannot be more than the entire remaining balance of the unexpired term which [a parole violator] would have been compelled to serve if he had not been paroled.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zachary T. Evans,            :
          Petitioner     :
                         :
      v.                :  No. 618 C.D. 2018
                         :
Pennsylvania Board of    :
Probation and Parole,     :
          Respondent   :

# **O R D E R**

AND NOW, this 15th day of May, 2019, Kent D. Watkins, Esquire's amended Application to Withdraw as Counsel is GRANTED, and the Pennsylvania Board of Probation and Parole's March 14, 2018, Order is AFFIRMED.

_____
ELLEN CEISLER, Judge