IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John H. Floyd,             :
          Petitioner    :
                       :
     v.               :  No. 986 C.D. 2019
                       :  SUBMITTED: March 13, 2020
Pennsylvania Board of Probation and :
Parole,[1]                :
          Respondent   :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                  FILED: May 8, 2020

Petitioner John H. Floyd (Floyd) petitions for review of the Pennsylvania Board of Probation and Parole's (Board) June 28, 2019 ruling, which affirmed the Board's March 13, 2018 decision to recommit Floyd as a convicted parole violator (CPV) to serve 30 months of backtime. In addition, Floyd challenges the Board's December 18, 2018 decision, through which the Board declined to parole Floyd. After thorough consideration, we dismiss for lack of jurisdiction.

## I. Facts and Procedural History

On January 27, 1988, Floyd was found guilty in the Court of Common Pleas of Philadelphia County (Trial Court) of one count each of rape and robbery. Certified Record (C.R.) at 1. On February 25, 1988, Floyd was found by the Trial Court to have violated the terms of his previously existing probation. *Id.* As a result, Floyd

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

was given an aggregate carceral term of between 20 to 40 years in state prison. Floyd was paroled on December 17, 2013, at which point the maximum date on his 1988 sentence was July 15, 2028. He was then transferred to Progress Community Corrections Center (PCCC) in Waynesburg, Pennsylvania. *Id.* at 9-10, 14. Floyd was subsequently released from PCCC on February 18, 2014, and began weekly sex offender therapy on an outpatient basis after being evaluated by Pennsylvania Forensic Associates in Media, Pennsylvania, on March 24, 2014. *Id.* at 24. On June 14, 2015, Floyd was discharged from this outpatient treatment program. *Id.*

On June 21, 2015, a week later, Floyd molested a 14-year-old female acquaintance of his stepdaughter in Philadelphia, Pennsylvania. *Id.* at 18. On September 2, 2015, Floyd was charged with one count each of unlawful contact with a minor, corruption of minors, and indecent assault, and was arrested in Philadelphia the following day. *Id.* at 16-18, 21-22. The Board issued a detainer for Floyd on September 4, 2015. *Id.* at 19. On December 4, 2017, Floyd was found guilty in the Trial Court of both unlawful contact with a minor and corruption of a minor. *Id.* at 62.

On January 17, 2018, Floyd waived his right to a parole revocation hearing, as well as to counsel, and admitted to the veracity of his December 2017 convictions. *Id.* at 32. The Board then issued a decision on March 13, 2018, in which it ordered Floyd to serve 30 months of backtime as a CPV, pending sentencing on his December 2017 conviction. *Id.* at 53-54. On March 27, 2018, Floyd mailed an administrative remedies form to the Board, in which he challenged the amount of backtime imposed by the Board, stating that "the presumptive range for recommitment is 18 months to 24 months under 37 [Pa. Code §] 75.2[.]" *Id.* at 55-56.

The Honorable Charles A. Ehrlich, who had presided over Floyd's December 2017 trial, sentenced Floyd on March 19, 2018, to an aggregate term of between 42 and 84 months in state prison. *Id.* at 62.

On May 1, 2018, the Board issued another decision, which modified its earlier, March 13, 2018 decision by recalculating the maximum date on Floyd's 1988 conviction as January 26, 2031, and stating that Floyd would not be eligible for reparole on the 1988 conviction until March 3, 2019. *Id.* at 79. Floyd did not administratively challenge the Board's May 1, 2018 decision.

Floyd subsequently applied for parole. *Id.* at 81. The Board denied this request on December 18, 2018. *Id.* In its December 18, 2018 decision, the Board provided multiple reasons for why it had elected not to parole Floyd and articulated several prerequisites for Floyd to obtain a more favorable outcome from the Board in the future. *Id.* at 81-82.

On June 28, 2019, the Board issued a letter affirming its March 13, 2018 decision. The Board explained that the maximum aggregate presumptive range for Floyd's December 2017 convictions was 48 months and, thus, that Floyd could not dispute the amount of backtime imposed by the Board (*i.e.*, 30 months). *Id.* at 83.

On July 24, 2019, Floyd mailed a *pro se* Petition for Review to our Court, in which he challenged both the amount of backtime imposed by the Board and the Board's subsequent denial of Floyd's request for parole. Petition for Review, ¶¶4-7. Initially, we appointed the Fayette County Public Defender to represent Floyd. Commonwealth Ct. Order, 8/13/19, at 1. Floyd was subsequently transferred to State Correctional Institution – Phoenix, prompting us to strike our initial appointment order and instead direct the Montgomery County Public Defender's Office to represent Floyd. Commonwealth Ct. Order, 9/19/19, at 1. On October 3, 2019, Dana

E. Greenspan, Esquire, (Counsel) entered her appearance in this matter on behalf of Floyd. Floyd submitted his brief through Counsel on January 15, 2020, and contended that the Board had abused its discretion by both ordering him to serve an amount of backtime that exceeded the applicable presumptive range and by denying his parole application. Floyd's Br. at 12-17. The Board responded in opposition on February 21, 2020, and claimed that Floyd's arguments were so baseless that attorney's fees should be assessed against Counsel and Floyd. Board's Br. at 7-8. Floyd then filed a reply brief on March 6, 2020, through Counsel, maintaining therein that Counsel had merely been zealously advocating for her client and, therefore, that sanctions were not warranted. Floyd's Reply Br. at 1-6.

## II. Discussion[2]

We address each of the issues raised by Floyd in turn. First, contrary to Floyd's claims, the backtime imposed by the Board is within the relevant presumptive range and, thus, we are without the power to consider its propriety. "As long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment." *Smith v. Pa. Bd. of Prob. & Parole*, 574 A.2d 558, 560 (Pa. 1990). As noted above, Floyd was found guilty in the Trial Court of one count each of unlawful contact with a minor and corruption of a minor. In aggregate, these 2 convictions have a presumptive range of 18 to 48 months. 37 Pa. Code § 75.2.[3]

---

[2] Under Section 704 of the Administrative Agency Law, our standard of review in this matter is limited to determining whether the Board violated Floyd's constitutional rights, committed an error of law, or made findings of fact that were not supported by substantial evidence. 2 Pa. C.S. § 704.

[3] The Board, in its discretion, may recommit a parole violator to serve backtime based upon each individual crime for which a violator was convicted while on parole. *See, e.g.*, *Perry v. Pa.*

4

Consequently, the 30 months of backtime imposed by the Board upon Floyd is clearly within this range and, thus, beyond our powers of judicial review.[4]

Second, Floyd's challenge to the Board's denial of his parole application is problematic for a number of reasons. We are bound by longstanding case law from our Supreme Court, which makes clear that a Board decision to deny parole is discretionary, "is not an adjudication subject to appeal under the Administrative Agency Law[, 2 Pa. C.S. § 101,] and does not implicate any constitutionally protected interest." *Coady v. Vaughn*, 770 A.2d 287, 289 (Pa. 2001); *accord Rogers v. Pa. Bd. of Prob. & Parole*, 724 A.2d 319, 321-23 (Pa. 1999). Furthermore, even if we did have jurisdiction to consider this part of Floyd's appeal, it remains that he would have fallen afoul of the requirement that he file his petition for review within 30 days of the disputed Board action. Pa. R.A.P. 1512(a)(1). The Board denied Floyd's parole application on December 18, 2018, but Floyd did not petition for review of that decision until July 24, 2019, well beyond the 30-day time window,

---

*Bd. of Prob. & Parole*, 485 A.2d 1231, 1232 (Pa. Cmwlth. 1984). Consequently, a parole violator's overall presumptive backtime maximum is calculated by aggregating the maximums for each of the crimes for which the violator was convicted. *Corley v. Pa. Bd. of Prob. & Parole*, 478 A.2d 146, 149 (Pa. Cmwlth. 1984).

Though unlawful contact with minors is not explicitly mentioned in 37 Pa. Code § 75.2, the Board's administrative regulations specify that "[t]he severity ranking of crimes listed in [that section] is not intended to be exhaustive, and the most closely related crime category in terms of severity and the presumptive range will be followed if the specific crime which resulted in conviction is not contained within the listing." 37 Pa. Code § 75.1. We hold that corruption of minors, which has a presumptive range of 18 to 24 months, is the specifically listed crime that is most closely related to unlawful contact with minors.

[4] We also note that the amount of backtime imposed upon Floyd by the Board, 30 months (*i.e.*, 915 days), is far less than the 4,696 days left on Floyd's 1988 sentence. *See Davenport v. Pa. Bd. of Prob. & Parole,* 656 A.2d 581, 584 (Pa. Cmwlth. 1995) ("The backtime imposed by the Board cannot be more than the entire remaining balance of the unexpired term which [a parole violator] would have been compelled to serve if he had not been paroled.").

when he attempted to bootstrap his untimely attack on this denial to his timely challenge regarding the Board-imposed backtime. Floyd did so, even though the Board's parole denial was not mentioned in his administrative appeal[5] and was not considered by the Board when it affirmed its March 13, 2018 decision. Simply put, it was improper for Floyd to challenge the Board's denial of his parole application in the manner chosen by him.

### III. Conclusion

Therefore, we dismiss Floyd's Petition for Review for lack of jurisdiction.[6]

_____
ELLEN CEISLER, Judge

---

[5] Nor could it have been, considering that the parole denial necessarily happened after the Board had ordered Floyd to serve the aforementioned backtime.

[6] In addition, we deny the Board's request for attorney's fees. Though the arguments put forth by Counsel are without merit, we do not find that Counsel's conduct in this matter rises to the level that would justify such an award. *See* Pa. R.A.P. 2744 (costs may be awarded only when an appellate court "determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John H. Floyd, : 
              Petitioner : 
               : 
               : 
        v. : No. 986 C.D. 2019
               : 
Pennsylvania Board of Probation and : 
Parole, : 
              Respondent : 

# **O R D E R**

AND NOW, this 8th day of May, 2020, Petitioner John H. Floyd's (Floyd) Petition for Review is DISMISSED for lack of jurisdiction. Furthermore, Respondent Pennsylvania Board of Probation and Parole's requests for costs to be imposed against court-appointed counsel and Floyd is DENIED.

_____
ELLEN CEISLER, Judge